**FERGUSON v. FERGUSON.**

No. 1449.

Court of Civil Appeals of Texas. Eastland.

March 6, 1936.

Rehearing Denied April 10, 1936.

See, also, 84 S.W.(2d) 836.

D. A. Frank, of Dallas, and M. J. Baird, of Sherman, for plaintiff in error.

F. M. Robertson and Davis & Davis, all of Haskell, and E. V. Hardwick, of Stamford, for defendant in error.

FUNDERBURK, Justice.

This is a suit brought by A. M. Ferguson, individually and as temporary administrator of the estate of Kate F. Morton, deceased, against Joe Lee Ferguson to set aside the award of a Board of Arbitration. A. M. Ferguson and Joe Lee Ferguson were the principal legatees and devisees of said estate. They became involved in numerous controversies over the estate and their relation to it. They, on September 17, 1932, at a time when many suits and proceedings involving such controversies were pending in the courts, executed a very comprehensive written agreement to submit the matters in controversy to arbitration. Since many of the controversies involved matters pending in the probate court and appeals from the probate court, the probate court, as provided in Rev.St.1925, art. 237, gave its consent for the submission. The agreement for submission comprehended every controversy and difference between the parties in any capacity either in litigation "or that might be subject to claims or litigation growing out of the estate and the administration thereof, and all other controversies and claims between them" except as to the validity or construction of the will of Kate F. Morton. The arbitration agreement did not purport to provide wholly for a statutory arbitration. It provided for statutory arbitration "except as modified by these agreements for the selection and organization of the arbitrators and the procedure and *enlarged powers of the board of arbitration.*" (Italics ours.) There were other respects in which the agreement was not in its purport one for strict statutory arbitration. For instance, the arbitrators were authorized to make more than one award, at least tentatively or preliminarily, and there was a pro-

vision for rehearing on any such award. In contemplation that "there are * * * or may be matters in controversy that cannot be fully adjudicated by the board of arbitration" it was agreed that the parties "so far as they are concerned" should be bound, to the end that the awards would become final when the determination of such matters would permit. While there were provisions that the arbitrators "were not to be * * * a 'Board of Compromise' or 'Board of Conciliation'" and in their grant of power to render "substantial justice between the parties" were to do so "in accordance with statutory law and the ruling thereon by the courts"; yet it was provided that they "were not to be confined to strict forms of legal procedure in securing evidence or information"; they were empowered to "adopt such methods or rules of procedure as they may deem proper and necessary to a reasonable determination of any matter and may and are expected to make *personal investigations* on the law and the *facts.*" (Italics ours.) Some of the extraordinary powers given the arbitrators by the agreement were: "Full authority to pass on conflicts, if any, in this contract and construe any part of this contract that may be ambiguous or not clear, in their discretion;" that upon the failure, neglect, or refusal of a party to the agreement to surrender any records, files, or to give or secure any information within their power to secure the "Board of Arbitration is authorized to take such neglect, failure or refusal into consideration in making the final adjustments of the claims between such parties and the estates and also in the partition of the estate"; with reference to agreements of the parties to enable the arbitrators to perform their duties, it was provided that the "board shall be the sole judge of proper and full compliance with the agreements," etc.; as to reports to be filed, it was agreed that the arbitrators "would be the judge of their completeness" with "power and authority to revise and restate said reports and base their findings thereon"; with reference to the failure of parties to comply with agreements designed better to enable the board to pass upon matters in controversy, it was provided that the arbitrators could construe "that the matters and claims under hearing are to be taken as true" and "make their findings accordingly."

The arbitration agreement reiterated that there was to be no right of appeal, and in order to enforce compliance with that provision declared that the parties mutually covenanted and agreed that "if either of said parties shall neglect, fail or refuse to adhere to the provisions of these agreements, or to carry into effect, or abide the award of said Board of Arbitration, he shall forfeit to the opposite party $35,000 * * * as liquidated damages." The agreement comprehended that the arbitrators were to make final partition of the estate between the parties. There was a provision that the "final decree or decrees of award" was to be filed with the county clerk of Haskell county, or the district court of said county.

Under this agreement, the arbitrators consumed eleven months in hearings and made their final award. Such award was filed with the county clerk and with the district clerk. A. M. Ferguson, in the several capacities in which he joined in the arbitration agreement, filed a motion in the county court on September 26, 1933, styled "Motion of A. M. Ferguson to construe the Arbitration Agreement." On the same day he filed another motion, in which it was recited that in said several capacities he "withdraws his appeal from the award of the board of arbitration * * * and * * * now moves this court to enforce and construe the arbitration agreement and the awards of said board * * * and to partition the property belonging to the estate in accordance with said awards," etc. The county court on September 5, 1933, by its order purported to make the award of the arbitrators the judgment of the county court. A. M. Ferguson appealed to the district court. In the district court, under cause No. 4380, he filed an instrument entitled "First Amended Motion to Set Aside Award of Board of Arbitration," etc. It contained 126 objections to the award. In answer to same, in addition to a general demurrer, Joe Lee Ferguson, styling himself "defendant," urged special exceptions to said objections numbered 2 to 126, inclusive. On October 23, 1933, the district court, presided over by Hon. A. S. Mauzey, overruled the general demurrer, but sustained special exceptions to all said objections, except objections numbered 2, 120, 121, 122, and 124, which were overruled. The record shows no exception to the action of the court in sustaining the special exceptions. No amended pleading was filed in response to such action. No assignments of error are presented complaining thereof. On

the same day, the court in a nonjury trial gave judgment refusing plaintiff any relief and declaring the award of the board of arbitrators to be the judgment of the court. From that judgment A. M. Ferguson, individually and as temporary administrator, sued out writ of error to this court. The judgment as to A. M. Ferguson, temporary administrator, was heretofore affirmed by this court upon certificate. Ferguson v. Ferguson (Tex.Civ.App.) 75 S.W. (2d) 275. The cause has been submitted and stands for trial in this court upon the appeal of A. M. Ferguson, only in his capacity as an individual.

Upon the trial it was agreed that before the final award of the arbitrators was filed, A. M. Ferguson was allowed and paid $10,000 on his claim for compensation as temporary administrator, and an additional $10,000 on his claim for reimbursement for advances made by him for the estate while he was temporary administrator; that this money was used by him, $18,-500 having been paid on one check and $4,085.93 on another check, out of the funds of the estate; the last payment having been made after the county court had adjudged the award of the arbitrators to be the judgment of the court. This part of the agreement related to the defendant's plea of estoppel. It was also agreed that the transcript of the testimony before the board of arbitration was in evidence as was also the pleadings before said board. The agreement indicates that the appeal from the judgment of the county court making the award the judgment of the court was consolidated with cause No. 4380 and heard as one case and in which the final pleadings were filed.

A few preliminary observations are deemed appropriate. In our opinion, the arbitration provided for in the arbitration agreement was not a strictly statutory arbitration and was not intended to be. "The arbitrations permitted by Texas laws are two kinds: common law and statutory. Agreements of the first class are binding upon the parties thereto, and are governed by the law of contracts." 4 Tex.Jur. p. 662, § 4; Callaway ♣ Albin, 114 Tex. 5, 261 S.W. 372.

We do not hold that the award was not sufficient as a statutory award, but we do hold that if it was not, then as against the attack made upon it, it was sufficient as a common-law award. Myers v. Easter-wood, 60 Tex. 107; Dockery v. Randolph (Tex.Civ.App.) 30 S.W. 270; Hurst v. Funston (Tex.Civ.App.) 91 S.W. 319; Faggard v. Williamson, 4 Tex.Civ.App. 337, 23 S.W. 557.

Whether the arbitration was statutory or common-law, the county court, in our opinion, had no jurisdiction concerning it other than to give consent to the submission, as was done. That court had no jurisdiction to construe the award, or to make it the judgment of the court. An inspection of the award itself shows that the amount involved exceeded the jurisdiction of the county court. We therefore attach no importance to the proceedings in the county court relating to the award or the appeal therefrom. Such proceedings do indicate, however, that the plaintiff in error, who will be hereinafter referred to as plaintiff, did not at first wholly repudiate the award of the arbitrators.

The award, if the arbitration was statutory, had the effect of a judgment, and if common-law, had the effect of a contract, alike conclusive upon the parties as to all matters of fact and law, in the absence of partiality, fraud, mistake, or gross error, duly pleaded and proved such as would warrant the setting aside of a judgment or a contract.

The suit is not an action to enforce the award as by specific performance or the recovery of damages for the breach thereof or failure to perform it. It is not an appeal from the award of the arbitrators to the court. If the award was valid as one made in a statutory proceeding, then the district court was charged with the simple duty of ordering that it be made the judgment of the court. 4 Tex.Jur., 691, § 27. In such case the duty and power of the court to make the award of the arbitrators the judgment of the court was "ministerial and not judicial." 4 Tex.Jur., p. 695, § 30; Temple v. Riverland Co. (Tex.Civ.App.) 228 S.W. 605. If the award was statutory, plaintiff had all the burden of pleading and proof to set aside a judgment of a court of competent jurisdiction after the close of the term at which it was rendered. If it was not statutory, then the order of the court making the award the judgment of the court did not affect its validity as an award in a common-law arbitration, and plaintiff nevertheless had the burden

of pleading and proof sufficient to cancel the contract.

 Regarding the action as a suit in equity, plaintiff's petition is the motion before referred to. Those parts of the so-called motion to which the special exceptions were sustained are eliminated from consideration. The commonly recognized effect of sustaining special exceptions to a pleading is to strike therefrom the portions to which such exceptions are sustained. If any of the stricken allegations, singly or together, or in connection with those not stricken, were sufficient in substance to show that the award was void, and therefore not binding upon the plaintiff, then in order to present any question concerning same it was necessary that plaintiff have assignments of error based upon the action of the court in sustaining the special exceptions. The error, if any, in such action has been waived for two reasons: (1) There was no exception taken; and (2) no such assignments of error are presented. It results that plaintiff's pleading is to be regarded just as if it had never contained the allegations to which the exceptions were sustained. It consists alone of a preliminary paragraph describing the parties, the capacities in which they appear, the arbitration proceeding and award, and the declaration that plaintiff "moves the court to set aside said award and hold same to be void and of no force and effect, for the following good and sufficient reasons, to-wit:" The good and sufficient reasons referred to, omitting those stricken, are contained in paragraph 1 (to which no exception was made) and paragraphs 2, 120, 121, 122, and 124, to which the exceptions were overruled; followed by a prayer for relief in part a repetition of that stated in the beginning paragraph, and, further, "that the case stand for trial de novo."

Plaintiff presents 215 assignments of error. There is really but one assignment of error. The only action, ruling, or part of the proceedings in the trial court which the assignments allege to be error is the action of the court "in approving the award and in making it the judgment of the court (and in not setting aside the award)." Panhandle & S. F. Ry. Co. v. Burt (Tex.Civ.App.) 71 S.W.(2d) 390, 391. All else in any of the assignments of error are but reasons why it is claimed the court thus erred in such action. Id. Manifestly, if it should be granted that the court did err as claimed, such error could have resulted in a number of different ways. It could have resulted from excluding evidence that should have been admitted, or admitting evidence that should have been excluded, but, if so, the assignments of error would have had to be based upon such action supported by a proper record of exceptions. It could have resulted from misconstruing evidence admitted, but, if so, it was necessary to present a record showing that basis for the court's judgment, and making it the assignment of error. It could have resulted from a finding upon insufficient evidence, against the overwhelming weight and preponderance of the evidence, but, if so, it was necessary to make a record to so show and predicate assignments of error upon such finding. Foust v. Jones (Tex.Civ. App.) 90 S.W.(2d) 665. It could have resulted from an erroneous conclusion of law, but, if so, it would have been necessary in order to revise such action to have the record show the conclusions of law and to base an assignment of error thereon. Id. It is clear that plaintiff presents no assignment of error which with any requisite certainty directs our attention to any action, ruling, or part of the proceeding which would constitute the subject-matter of a proper assignment of error. If consideration of any of the assignments of error led to any other result than if they were not considered, we would feel it our duty to hold that no errors are so assigned as to authorize us to consider them.

 Surely no serious contention can be made that we are authorized under any of the assignments of error to consider any question embraced alone in the stricken pleadings. Failure to except to the action of the court in sustaining the special exceptions was in law a waiver of any error therein. Let us notice briefly those in which the reasons why it is claimed that the court erred in making the award the judgment of the court and in not setting it aside remained in the pleading. As said, they were objection one, not excepted to, and the five objections to which exceptions were overruled. The objection not excepted to was "that the arbitrators passed upon matters not submitted to them by the arbitration agreement when they allowed the sum of $1500 to the attorneys and bookkeeper of the defendant Joe Lee Ferguson." The record certainly fails to show that no claim was made by Joe Lee

Ferguson for the allowance of such expenses out of the estate. If such claim was made, then certainly it was well within the matters submitted to the arbitrators. The agreement shows that it was contemplated that the parties were to be represented before the board by attorneys and that the board was to have the assistance of accountants and others, and was to provide for their compensation.

■ If the allowance of the claim ·was without the literal terms of the arbitration agreement, it is clearly defined as something that did not affect the matter within the award, and that being the case, did not, in our opinion, invalidate the award, but would come within the exception to the rule having such effect. Fortune v. Killebrew, 86 Tex. 172, 23 S.W. 976; Evans v. DeSpain (Tex.Civ.App.) 37 S.W. (2d) 231. If, therefore, we were to consider this assignment, it would be overruled.

■ Objection 2 was "that the arbitrators failed to pass upon all claims presented to them and failed to partition all property belonging to the estate as provided in said agreement when they failed to make any disposition of the growing crops on the lands belonging to the estate and when they failed to consider and allow plaintiff's claim voucher No. 243." The record does not support the contention that they failed to consider plaintiff's claim voucher No. 243 for the award provided that "Any claim of A. M. Ferguson that is not herein specifically set out, covered and passed upon is hereby in all things disallowed by the Board of Arbitration, and likewise any claim of Joe Lee Ferguson that is not herein specifically set out, covered and passed upon is hereby in all things disallowed by the Board of Arbitration."

■ That they made no disposition in the partition, of the growing crops on the lands, is without merit. The record does not show that the growing crops on the land were not a part of the land. No contention is made that there was no partition of the land. If the growing crops under the evidence were not a part of the land, the record shows no more than a possible erroneous conclusion of law which certainly would constitute no ground for holding the award void.

Objections 120, 121, 122, and 124 were each based upon a contention that the board failed and refused to pass upon certain issues. They each and all complain of the failure of the board to make certain findings on evidentiary matters. They do not amount to a contention that the court failed to pass upon any claims before them or improperly passed upon any claims. If they did, they are all precluded by the same general provision in the award above quoted, showing that all claims of both parties not specifically mentioned were disallowed. These assignments, therefore, if considered, would have to be overruled.

The defendant presents a cross-assignment of error, contending that the court erred in not rendering judgment for the defendant upon the evidence supporting his plea in estoppel. We think this cross-assignment of error should be sustained.

■ After much of the labors of the board of arbitration had been completed, but before they made their final report, they, with the consent of the county judge (which latter was unnecessary, except upon the contingency that the arbitration proceedings should fail), permitted plaintiff to draw a total of $20,000 by way of advancement upon claims in arbitration before the board. Plaintiff seeks to avoid the effect of such action by showing that the final award had not been made, but to do so it would have been necessary to show that · something intervening between the time of drawing the money and the final award justified his repudiation of the award and excused him from consequences of having taken benefits from it. We see no reason why the principle of estoppel does not, under the record, have full application.

·We do not wish to be understood as holding that plaintiff's pleading was sufficient to entitle him to any relief. We have merely assumed without deciding the sufficiency of the pleading and have reached the conclusions stated. Under the record presented, we hold that the judgment should be affirmed in refusing to set aside the award, and it is accordingly so ordered.

GRISSOM, J., not sitting.