Turney, Burges, Culwell & Pollard and J. F. Hulse, all of El Paso, for plaintiff in error.

Wilchar & Wilchar, of El Paso, for defendant in error.

TAYLOR, Commissioner.

The disposition made of this case by the Court of Civil Appeals, 89 S.W.(2d) 791, is correct. We are not in accord, however, with the statement in the opinion to the effect that in Missouri, K. & T. Ry. Co. v. Belcher, 89 Tex. 428, 35 S.W. 6, the rule that, in order to recover special damages for breach of contract it is incumbent upon plaintiff to show that at the date of the contract the defendant had notice of the special conditions rendering such damages the natural and probable result of the breach, was abrogated by this court in Conn et al. v. Texas & N. O. Ry. Co., 14 S.W.(2d) 1004. The rule announced in the Belcher Case is still the law. In the Conn Case, as in this, the carrier made a new agreement, and at the time had knowledge of the special damages that would result from the negligent breach of the new agreement.

. Application for the writ is therefore dismissed for want of jurisdiction. Article 1728, R.S.1925, as amended by Acts 1927, 40th Leg., p. 214, c. 144, § 1 (Vernon's Ann.Civ.St. art. 1728).

Opinion adopted by the Supreme Court.

## WICHITA ROYALTY CO. et al. v. CITY NAT. BANK OF WICHITA FALLS et al.

### No. 6800.

Supreme Court of Texas.

April 8, 1936.

Kilgore & Rogers, J. T. Montgomery, and Roy Bland, all of Wichita Falls, and Black & Graves, of Austin, for plaintiffs in error.

Weeks, Morrow & Francis, T. R. Boone, Boone & Duff, and Bullington, Humphrey & King, all of Wichita Falls, for defendants in error.

TAYLOR, Commissioner.

It is an open question upon another trial of the case within the principles of law stated in the opinion on original hearing whether the bank first acquired knowledge of Peckham's dishonesty on November 17, 1925. This statement is made in view of the bank's contention in its motion for rehearing with respect to the nature of the items constituting in the aggre-

gate the $5,500 transferred by Peckham from the trust account into his personal account on October 8, 1925. It is undisputed from the facts disclosed by the present record that such a transfer was made by him, and there is no evidence that a transfer of funds out of the trust account, into his personal account was made at an earlier date. Nor is it contradicted in the evidence that the payment made by him on November 17, 1925, to be credited on his personal indebtedness to the bank was made from his personal account which then contained funds transferred thereto from the trust account on October 8, 1925. It is not intended by anything said in the original opinion, to foreclose upon another trial the question of whether the items contended by the bank to constitute the $5,500 were used for authorized trust purposes; or to foreclose any purely fact finding that may be made from the evidence that may be adduced upon another trial. The suggestion in the original opinion that an audit should be made for use upon another trial, and the statement that the various sums therein referred to were not stated as finalities, were indicative of such intention. The statement perhaps should have included a reference to the various dates. as well as sums. It is apparent from the undisputed evidence upon the former trial as to the date when Peckham began his system of transferring funds from the trust account to his personal account, that the suggested audit should take as its beginning point a date not later than October 8, 1925. The principal aim of the original opinion is to set forth the principles of law applicable upon another trial.

In view of the contention with respect to the character of the items claimed by the bank to make up the $5,500 in question, reference is made to the discussion in the opinion on original hearing of the terms of the declaration of trust, beginning 89 S.W.(2d) 394, at page 404, [7, 8]; and also to the principles of law set forth in the excerpt quoted from Steere v. Stockyards National Bank, 113 Tex. 387, 256 S. W. 586, 590, 258 S.W. 1042, cited in the original opinion, supra, at page 401 of 89 S.W.(2d).

The motion for rehearing is overruled.

Opinion adopted by the Supreme Court.