**FERGUSON v. FERGUSON et al.**

No. 1997.

Court of Civil Appeals of Texas. Eastland.

April 28, 1939.

J. S. Kendall, of Munday, for relator.

Milton J. Baird, of Edinburg, and Calvin Henson, of Haskell, for respondents.

LESLIE, Chief Justice.

On April 4, 1939, Joe Lee Ferguson filed an application in this court seeking a writ of prohibition against the county judge of Haskell County, Texas, and J. F. Lindsey, Special Judge of the county court of that county, and a writ of injunction against A. M. Ferguson, his attorneys, agents and employees to restrain such judge of said court from taking any action or proceeding, the effect of which would be to change or modify the judgment of this court in Ferguson v. Ferguson, 93 S.W.2d 513, and to restrain said A. M. Ferguson, his attorneys, agents, etc., from attempting to procure in said county court, presided over by said special judge, or any other special judge, any judgment, order or proceeding in any way affecting or destroying said judgment by this court.

Said application was duly sworn to and from the contents thereof and relevant documents or records and orders in this court pertaining to this and kindred litigation heretofore disposed of, this court was inclined to grant the prayer of the petition in respect to said writ of prohibition and said injunction, but instead of doing so, this court merely granted a temporary restraining order and set said cause for hearing at 9 o'clock April 7, 1939, and notified said A. M. Ferguson, said Special Judge, and other interested parties, to appear before this court at such later date and show cause, if any existed, why said writs should not issue as prayed for. Thereafter, on April 5, 1939, said respondents appeared before this court in response to such notice and asked for further time in which to study the proceeding and make answer, if any, showing cause why such writs should not be granted. Pursuant to this request this court reset the hearing on the original application for 9 o'clock a. m., April 14, 1939. At that time said A. M. Ferguson and his attorneys and said Lindsey appeared and filed their respective answers herein.

The Hon. J. F. Lindsey disclaims in open court any intention to violate the terms and provisions of any judgment of

this court heretofore rendered and states that he desires to conform his acts to the spirit of law and the legal effect of any and all such judgments, thus signifying his obedience to the mandates of this court and his purpose to pursue such course. He is hereby personally exonerated from any costs incident to this proceeding and the order and decree of this court as hereinafter indicated will affect his official acts only and as specified.

We find from the pleadings in the instant case and the testimony offered in support thereof that this application for said relief by Joe Lee Ferguson, relator, is due to the fact that the said A. M. Ferguson has filed in the County Court of Haskell County a written instrument, or purported pleading, termed in one part thereof "Special Report for Chaotic Conditions in the Administration of the Estate [Kate F. Morton, deceased] and Suggestion for Instructions" as to how he should proceed, etc., in the administration of the estate as Temporary Administrator. At another point he designated this pleading as "Special Report and Motion for Interpretation and Instructions." It is also styled "In the Matter of the Estate of Kate F. Morton, deceased. No. 609. In Probate, In the County Court of Haskell County, Texas."

However, the nature of the proceeding in that court can only be known and interpreted by a study of its specific allegations. The instrument is lengthy and has about 196 paragraphs or sections. In the outset, he complains of "a series of conflicting and unenforceable orders, judgments and decrees arising out of an Arbitration Proceeding under Art. 237, Revised Civil Statutes of Texas (1925), originating in the County Probate Court, and including the following": (Many items of litigation are here listed, including cause No. 4380 in the District Court of Haskell County, which was cause No. 1449 on the docket of this court.)

In paragraph 2 of the petition addressed to the Hon. J. F. Lindsey, Special Judge of said County Court, he alleges: " * * * conflicting awards, decisions, decrees, judgments and orders of many courts, which are obviously and manifestly contradictory within themselves and with each other, and are conflicting, unintelligible, void, voidable and confusing when taken together or separately as a rule of procedure for the Statutory Administration of the Estate, and beyond and incapable of physical specific performance by this court [Special County Court] or Administrator."

In paragraph 3 of the petition he alleges " * * * unless such awards, decisions, decrees, judgments and orders herein mentioned be abated, construed or interpreted and brought into agreement with the lawful administration of this estate by this court * * *; and the rights, duties and powers heretofore given this Administrator and existing at this time, be more specifically defined, construed, protected and upheld * * * rights and claims of creditors, etc., and of this Administrator" will be lost.

In paragraph 60 it is alleged: "Each and all the above named orders entered upon and following the filing of the final report, this administrator believed to be erroneous and wrong, and if allowed to stand, would lead to chaos and unconscionable waste of the property of the estate, and were entered by a disqualified judge, not legally considered, seriously modified and altered the Award or Report of the Board of Arbitrators, and in both practical and legal effect destroyed and invalidated any legal effect previously had or held over this estate, if any, its beneficiaries and this Administrator in such capacity."

Section 61 is as follows: "When such awards and multiple orders thereon entered by this court, are compared, they appear obviously conflicting, confusing and contradictory. They accentuate and exemplify the many, gross and manifest errors of fact and law, equity and justice, precedent and principle, contained in the Award and all proceedings thereunder."

Paragraph 62 is as follows: "The order or judgment of the County Court dated September 5, 1933, adopting the award of the Board of Arbitration as the judgment of the Probate Court, recites therein that A. M. Ferguson withdrew his objections thereto and filed his motion to construe and enforce the same. In this connection, this administrator would show that such plea was filed by this administrator under agreement of all parties concerned and interested therein that the illegal and objectionable features of the Award would be construed, reformed, corrected and made to conform to the Arbitration Agreement. The motion filed and referred to in the order is still pending in this cause, un-

heard, unacted upon and undetermined. Such motion should be set down for hearing by this court and acted upon in such way and manner as would carry out such agreement."

It is further alleged in section 113: "The judgment in No. 4380 of the District Court, by its own terms is not final or complete." And, in section 117, he alleges "Hence the judgment in said cause No. 4380 is now not only an open judgment as distinguished from a final one, but is now beyond physical performance," etc.

Additional facts making up the background of this proceeding and reflecting its nature and purpose may be more fully gathered from the extensive litigation between Alex M. Ferguson and Joe Lee Ferguson, beginning more than ten years ago and involving the alleged claims of each to and concerning an estate which their deceased sister, Kate F. Morton, endeavored to leave them. The following is a partial list in chronological order of such suits, appeals, etc.: Ferguson v. Ferguson, Tex. Civ.App., 11 S.W.2d 214, Granted and Affirmed Tex.Com.App., 23 S.W.2d 673; Morton's Estate .v. Ferguson, Tex.Civ. App., 45 S.W.2d 419; Ferguson Seed Farms, Inc. v. Ferguson, Tex.Civ.App., 52 S.W.2d 354; City of Haskell v. Ferguson, Tex.Civ.App., 66 S.W.2d 491; Ferguson v. Ferguson, Tex.Civ.App., 66 S.W. 2d 755; Ferguson v. Ferguson, Tex.Civ. App., 69 S.W.2d 592; Ferguson v. Mauzey et al., Tex.Civ.App., 69 S.W.2d 597; Ferguson v. Ferguson, Tex.Civ.App., 75 S.W. 2d 275, Refused; Ferguson v. Ferguson, Tex.Civ.App., 84 S.W.2d 836, Dismissed; Ferguson v. Ferguson, Tex.Civ.App., 93 S.W.2d 513, Dismissed; Ferguson v. Chapman, Tex.Civ.App., 94 S.W.2d 593, Dismissed; Ferguson v. Ferguson, Prohibition case, Tex.Civ.App., 98 S.W.2d 847; Hartsfield v. Ferguson, Tex.Civ.App., 109 S.W.2d 364; Ferguson v. Ferguson, Tex.Civ.App., 110 S.W.2d 1016; Ferguson v. Haskell Nat. Bank et al., Tex.Civ.App., 127 S.W.2d 242, Decided April 7, 1939; C. R. Elliott v. A. M. Ferguson, Temporary Administrator, Tex.Civ.App., 127 S. W.2d 323.

The opinions of this court in Ferguson v. Ferguson, 93 S.W.2d 513, and 98 S.W. 2d 847, throw most light directly on the instant litigation.

From the above, and many other allegations in said pleading by A. M. Ferguson in cause No. 609 in the probate court of Haskell County, it is obvious that the whole purport and tenor of the proceeding amounts to a challenge of the validity and binding effect of the judgment of the district court affirmed by this court in the opinion in Ferguson v. Ferguson, 93 S.W. 2d 513.

We are unable to interpret the proceeding other than as an effort to change, alter, disregard and avoid the legal effect of the judgment of this court entered pursuant to said opinion.

Said A. M. Ferguson and his attorney seem to proceed upon the theory that the judgment of this court in said cause, as well as the judgment of the trial court therein, are void from the beginning because, as they assert, the county court of Haskell County had, prior to said judgments, obtained jurisdiction in the administration of the Morton estate, and that all the proceedings under and by virtue of the arbitration entered into by said A. M. Ferguson in his various capacities were unauthorized by law and did not withdraw the matter sought to be arbitrated from the jurisdiction of said probate court.

Said A. M. Ferguson will not consent, or fails to understand or appreciate the finality and conclusiveness of said award as established by the judgment of the district court of Haskell County and affirmed by this court. He resists, the terms of said award and the effect of said judgments notwithstanding the provisions of that award under the solemn judgments of the courts is the legal yardstick by which to measure the personal rights of himself and his brother, Joe Lee Ferguson, in the Morton estate, if any remain.

The binding effect of the arbitration and award is apparent and it is perhaps futile to again call attention to the effect of that decree, but in the possibility that another reference to it, in the language of a noted author (2 Freeman on Judgments, 5th Ed., p. 1339, sec. 636) might serve a useful purpose, we quote the following: "The effect of a valid award upon the matters submitted to the arbitrators is equivalent, so far as the question of estoppel is concerned, to the effect of valid judgment. 'No satisfactory reason can be assigned why a *judgment* as an act of the law should estop the parties and an *award, which is another name for a judgment, which the parties have expressly stipulated should be final as to the*

*subjects submitted,* should not be equally conclusive.' Not only is the original cause of action merged in the award, if valid, and a subsequent action upon it barred, but it is likewise res adjudicata as to the matters directly in issue and necessarily determined by the award, when they come again in issue in subsequent litigation before the parties." (Italics ours) The validity of the award as thus established cannot be questioned and the right of disputants and litigants to submit their differences to arbitration, is fully recognized and established in this State. Ferguson v. Ferguson, Tex.Civ.App., 110 S.W.2d 1016, (8); see 4 Tex.Jur. p. 697, sec. 32.

Said A. M. Ferguson, as such disputant and litigant, individually and in his capacity as temporary administrator submitted such matters to the board of arbitration. The County Court in which he seeks to have the action taken, which is here sought to be prohibited and enjoined, gave its consent to such arbitration proceeding. In this it was authorized by the provisions of Art. 237, R.S.1925, which provides: "The provisions of this title [Arbitration] shall apply to corporations as well as natural persons; and executors, administrators and guardians may also consent to an arbitration of any controversy or matter of dispute relating to or affecting their respective trusts, with the consent of the court in which such administration or guardianship is pending."

With such steps taken at that time by the county court in conjunction with A. M. Ferguson's consent, it is inconceivable that any obstacle stood in the way of the operation of said board of arbitration or the subsequent action of any court thereon. Certainly the respondents in this cause make no showing to the contrary.

We recognize that judicial action without jurisdiction is void and subject to collateral attack, but such is not the nature of the judgment or judgments which said A. M. Ferguson here seeks to alter, evade and destroy. That judgment (Tex.Civ.App., 93 S.W.2d 513) is res adjudicata of the matters therein adjudicated and that is but another way of saying that this court in so decreeing exercised, in our judgment, its lawful powers. 2 Freeman on Judgments, 5th Ed., p. 1333, sec. 633. The judgment and orders of this and other courts disposing of the extensive litigation arising out of the arbitration proceeding necessarily reflect the jurisdiction of trial and the appellate courts in the disposition of those cases, upholding the application of the remedy by arbitration which the Constitution of this State expressly sanctions. Art. 16, sec. 13, Vernon's Ann.St.Const.

Further, in any litigation the question of jurisdiction may become res adjudicata, the same as any other matter of law or fact where they are properly in issue or are necessarily involved and determined by the court. 1 Freeman on Judgments, 5th Ed., p. 718, sec. 350. Relator's pleading, affidavit and the records and judgments in this court relating to the issues and matters directly involved in this proceeding, and of which this court may and does take judicial notice, fully convince us that all questions of jurisdiction sought to be raised by respondents herein have long since been determined and put at rest by court decrees which became final only after they had been duly and vigorously contested in the various courts of this State.

It will be observed that in this case, as in practically all the others heretofore coming before this court, A. M. Ferguson and Joe Lee Ferguson, brothers, are the contenders. Much is said in pleading about the loss of legal rights by creditors of the estate, etc., but no individual from that class appears now to present any contention designed to protect his rights, if any. When some bona fide creditor of the Morton estate, not a party to the arbitration, by proper proceedings, asserts his right to appropriate some part of the Morton estate in liquidation of a just claim, a different situation may arise and there might be some substance in such a contention coming from that source, but the parties to the instant proceeding make no showing in behalf of any such creditor.

Any order or decree herein in response to relator's application is supplemental of any and all other orders and decrees heretofore entered by this court, and especially that evidenced by its opinion and judgment in Ferguson v. Ferguson, Tex.Civ. App., 98 S.W.2d 847.

For the reasons assigned, it is, therefore, the order of this court, that writs of prohibition and injunction issue as prayed, (1) the writ of injunction commanding that said A. M. Ferguson, his attorneys, agents, servants and all persons claiming by or through him to desist and refrain from prosecuting any suit, motion, action

or other proceeding in the county court of Haskell County, or in any other court of the State of Texas, when such suit, motion, action or other proceeding has for its purpose or seeks to question, modify, set aside, or alter the former judgment of this court entered pursuant to our opinion in Ferguson v. Ferguson, 93 S.W.2d 513, or in any other case; and (2) said writ of prohibition commanding that the county court of Haskell County, Texas, the regular judge thereof, and/or any special judge thereof, including Hon. J. F. Lindsey, as such court and/or officials to desist and refrain from taking any action or entertaining any proceeding in cause No. 609 on the docket of the county court of Haskell County, Texas, other than to dismiss or strike same from the docket, or in any other such suit, action or proceeding having for its purpose to attack, challenge, question, modify, change or alter the judgment of this court as above designated, or any other judgment thereof pertaining to the subject matter of this litigation.

GRISSOM, J., disqualified and not sitting.