## HASKELL NAT. BANK OF HASKELL v. FERGUSON et al.

### No. 2157.

Court of Civil Appeals of Texas. Eastland.

March 7, 1941.

Rehearing Denied April 11, 1941.

Coombes & Andrews, of Stamford, for relator.

Walter Murchison, of Haskell, and J. S. Kendall, of Munday, for respondents.

LESLIE, Chief Justice.

This is an original proceeding in this court instituted by Haskell National Bank, a corporation, complaining of Joe Lee Ferguson, A. C. Foster, individually and as special county judge of Haskell County, Joe A. Jones, individually, and as alleged administrator de bonis non of the estate of Kate F. Morton, deceased, and Walter Murchison, alleged attorney for the estate of Kate F. Morton, deceased, and Dennis P. Ratliff, individually and as judge of the District Court of Haskell County, Texas, respondents, and seeking to have issued by this court:

(1) A permanent writ of injunction commanding said Joe Lee Ferguson, Joe A. Jones and Walter Murchison, their attorneys, agents and servants, and all persons claiming by, through or under them, or the estate of said Kate F. Morton, deceased, to desist and refrain from prosecuting cause No. 1206 on the probate docket of the County Court of Haskell County, Texas, styled the Estate of Kate F. Morton, Deceased, or from prosecuting any suit, motion, action or other proceeding in the County Court of Haskell County, or any other court of the State of Texas, when such suit, motion or action or other such proceeding has for its purpose, or seeks to question, modify, set aside or alter the former judgments of this court entered pursuant to the opinion in Ferguson v. Ferguson, Tex.Civ.App., 93 S.W.2d 513, or the former judgment of this court entered pursuant to its opinion in Ferguson v. Haskell National Bank, 127 S.W.2d 242, 243, or in any other such cause; and

(2) A permanent writ of prohibition commanding that the County Court of Haskell County, the regular judge thereof, and/or any special judge thereof, including Hon. A. C. Foster, and such court and/or officials thereof, to desist and refrain from taking any action or entertaining any proceeding in said cause No. 1206 on the docket of the County Court of Haskell County, other than to dismiss or strike the same from said docket, or any other such suit, action or proceeding having for its purpose to attack, challenge, question, modify, change or alter the judgment of this court entered pursuant to the opinion

in Ferguson v. Ferguson, 93 S.W.2d 513, or the judgment of this court entered pursuant to the opinion in Ferguson v. Haskell Nat. Bank, 127 S.W.2d 242, or any other judgment thereof pertaining to the subject matter of this litigation; and

(3) A permanent writ of prohibition commanding the District Court of Haskell County, the Hon. Dennis P. Ratliff as the regular judge thereof, and/or any special judge of such court and/or officials thereof, to desist and refrain from taking any action or entertaining any proceeding in cause No. 5523 on the docket of the District Court of Haskell County, Texas, other than to dismiss or strike the same from the docket, or any other suit, action or proceeding having for its purpose to attack, challenge, question, modify, change or alter the judgment of this court entered pursuant to the opinion in Ferguson v. Ferguson, 93 S.W.2d 513, and/or judgment entered pursuant to the opinion in Ferguson v. Haskell Nat. Bank, 127 S.W.2d 242, or any other judgment thereof pertaining to the subject-matter of this litigation.

The respondents have been duly served with notice, but they have not replied by written pleadings or briefs.

Cause 5523 filed by the administrator de bonis non in the District Court of Haskell County is in substance that the estate of Kate F. Morton, deceased, had on deposit in Haskell National Bank, and its predecessor, between November 11, 1933, and May 11, 1937, the sum of $19,702.70, and that during the course of the original administration of said estate a receiver thereof (Hudson) demanded possession of said funds, and the bank refused to surrender the same to him on said November 11, 1933. That during the time indicated said bank had full use and control of said sum of money and the estate was deprived of the use and benefit of the same to its damage in the sum of $6,895.94, the same being interest on the amount of said deposit from November 11, 1933, etc. That petition is signed by Walter Murchison, attorney for the plaintiff, Estate of Kate F. Morton, Deceased.

In substance, it is the contention of relator, Bank, that any and all issues arising out of the facts of said deposit, the retention and ultimate delivery of the same by the bank have been heretofore adjudicated and determined by final judgments of this and other courts. That if such issues were not so presented and adjudicated they should have been. Hence, relator seeks to enjoin the institution and prosecution of suits in any court which have for their purpose or seek to question, modify, resist, set aside, or alter said former judgments of this court. To reflect the true nature of this action and the background thereof, it becomes necessary to set out somewhat in detail the facts and circumstances underlying the same.

Formerly A. M. Ferguson instituted suit in the District Court of Haskell County against the Haskell National Bank, and its successor (relator herein), Haskell National Bank, and others (including Joe Lee Ferguson), to recover on an exchange draft. Haskell National Bank filed a cross-action against A. M. Ferguson and Joe Lee Ferguson, the Estate of Kate F. Morton, deceased, and others. Various other parties intervened. On change of venue, the cause was tried in the District Court of Taylor County. The trial resulted in a judgment by virtue of which defendant Haskell National Bank deposited in the registry of that court all sums of money on deposit to the credit of the estate of Kate F. Morton. The court also determined who was entitled to said sums of money so deposited in the registry of that court. The rights of all parties, including the estate of Kate F. Morton in and to said sums of money were determined and said Haskell National Bank, and its predecessor, the Haskell National Bank, were fully discharged from any further liability after said sums of money were deposited in the registry of the court.

From such dispositions or judgment, an appeal was prosecuted to this court, and after due hearing said judgment of the trial court was affirmed in cause 1890 on the docket of this court, styled A. M. Ferguson v. Haskell Nat. Bank, and the decision of this court is reported in 127 S.W.2d 242, to which reference is here made for full statement of facts involved.

On another occasion (in 1939) A. M. Ferguson, in the capacity of "temporary administrator of the estate of Kate F. Morton, deceased," made application for the appointment of a receiver ancillary to a suit he had instituted against C. R. Elliott upon vendor's lien notes, etc., and for foreclosure of lien securing the same. Elliott answered by general demurrer, special exception, general denial and specially alleged that said estate owned no interest in the subject matter of the suit and was, there-

fore, not entitled to a receiver. A trial below resulted in the appointment of a receiver to take possession of the land and Elliott appealed. On hearing in this court (Cause 1965) the judgment of the trial court was reversed and the cause was dismissed (Elliott v. Ferguson, 127 S.W.2d 323), and it was therein held that the estate of Kate F. Morton, deceased, showed no interest in the subject matter of the suit in view of the finality of the award of a board of arbitration (based upon an agreement by and between Joe Lee and A. M. Ferguson, individually and in various capacities and in response to such authority) the terms and conditions of which award had theretofore become final and conclusive of the rights of Joe Lee Ferguson and A. M. Ferguson, individually, and as temporary administrator of the estate of Kate F. Morton, deceased, and in all other capacities assumed by him, as reflected by the judgment of this court entered in accordance with our opinion in Ferguson v. Ferguson, 93 S.W.2d 513, 514.

In the opinion in the Elliott case, 127 S. W.2d 323, we referred to this litigation generally, and especially the opinion and judgment of this court in Ferguson v. Ferguson, 98 S.W.2d 847. The judgment there was in substance that Respondents A. M. Ferguson and his attorney, M. J. Baird, desist from further prosecution of the cause No. 4668 on the docket of the District Court of Haskell County, and said A. M. Ferguson was commanded to desist from instituting and further maintaining in any capacity in any court any suit, the purpose of which was to attack the validity of the judgment theretofore rendered by this court in cause No. 1449, styled Ferguson v. Ferguson, 93 S.W.2d 513, and to desist from in any way interfering with the due execution of such judgment.

On April 4, 1939, an original proceeding in this court was instituted by Joe Lee Ferguson against A. M. Ferguson and others for a writ of prohibition and a writ of injunction. That cause was numbered 1997 in this court, and the opinion disposing of the same is to be found in 127 S.W. 2d 1018. In that opinion the history of the Ferguson litigation involving this estate was briefly summarized. In that opinion we held, among other things, that an award under the arbitration agreement between principal beneficiaries to the will (after its adoption by the County Court as its judgment and after the affirmance of the County Court's judgment by the Court of Civil Appeals) became the yard stick or test by which to measure the rights of the beneficiaries in property specifically allotted to them, etc.

The opinions of this court in Ferguson v. Ferguson, 93 S.W.2d 513, and in Id., 98 S.W.2d 847, cast most light directly upon the issues of the instant litigation. In Ferguson v. Ferguson, Tex.Civ.App., 127 S.W. 2d 1018, page 1021, a judgment was entered commanding said A. M. Ferguson and others to desist and refrain from prosecuting any suit, etc., when such suit, etc., had for its purpose, or sought to question, modify, set aside or alter the former judgment of this court entered pursuant to our opinion in Ferguson v. Ferguson, 93 S.W. 2d 513, and also restraining further action in probate cause No. 609 on the docket of the County Court of Haskell County, except to dismiss or strike same from the docket.

After opinions were rendered in Ferguson v. Ferguson, Tex.Civ.App., 93 S.W.2d 513; Ferguson v. Ferguson, Tex.Civ.App., 98 S.W.2d 847; Elliott v. Ferguson, Tex. Civ.App., 127 S.W.2d 323, and Ferguson v. Ferguson, 127 S.W.2d 1018, and the issuance of the writs of injunction and prohibition therein, the Hon. J. F. Lindsey, special county judge of Haskell County, dismissed, on July 17, 1940, old probate cause No. 609 and struck same from the docket of the County Court. This was done at the instance of Joe Lee Ferguson, designating himself as a person interested in the estate and as beneficiary under the will of Kate F. Morton, deceased. Soon thereafter he filed an application in the County Court of Haskell County to have an administrator to further administer the estate of Kate F. Morton, deceased. Thereupon, J. C. Davis, the regular judge of the County Court, being disqualified to enter any orders in such proceeding, certified his disqualification to the Governor, who pursuant thereto appointed A. C. Foster special county judge of Haskell County to hear and determine said application for the appointment of administrator de bonis non and also determine the issues of said probate cause.

Said Foster qualified as such special judge, appointed Joe A. Jones administrator de bonis non of said Morton estate and then ordered such administrator to institute said suit against the Relator herein. As noted elsewhere, the nature of said suit is in substance that while said estate was

in the course of administration $19,702.70 belonging to said estate was deposited in relator bank and its predecessor. That thereafter a receiver for said estate was appointed who demanded possession of said money, but was refused the same by said bank. That the custody of said sums of money was unlawfully retained by said bank from November 11, 1933 until on or about May 11, 1937, to the damage of said estate in the sum of $6,895.94, the latter amount being the interest on said deposit during said time at 10 per cent per annum, etc.

Said cause is No. 5523 on the docket of the District Court of Haskell County, and citation has been duly served on relator.

Said relator alleges in this proceeding that the issues involved in cause No. 5523 were tried and fully determined in the award case (Ferguson v. Ferguson, Tex. Civ.App., 93 S.W.2d 513), and in the case of A. M. Ferguson v. Haskell Nat. Bank, Tex.Civ.App., 127 S.W.2d 242, and that the estate of Kate F. Morton, deceased, and Joe Lee Ferguson were parties to said suits involving the alleged retention of the funds of said estate by Haskell National Bank and damages, if any, therefor, namely, interest thereon. That whether such retention was lawful or unlawful were matters at issue in said last mentioned suit, or should have been, and were finally adjudicated and concluded by the judgment of the District Court which was affirmed in an opinion by this court in 127 S.W.2d 242. It will be remembered that the respondent herein, Joe Lee Ferguson, pleaded in that cause that the funds in controversy in A. M. Ferguson v. Haskell Nat. Bank, Tex.Civ.App., 127 S.W.2d 242, were disposed of in the award case, and that the judgment therein had become final and conclusive.

The relator herein further alleges that Hon. Dennis P. Ratliff is the regular judge of the District Court of Haskell County in which said Cause No. 5523 is pending and that he, or some special judge of said court, will set said cause for trial and cause the same to be tried and that the relator has no adequate remedy at law, etc.

By reason of the foregoing facts and circumstances Haskell National Bank, relator herein, contends that Joe Lee Ferguson, in filing the application to dismiss cause 609 and in filing the application in 1206 (for further administration on said estate), on the docket of the County Court of Haskell County, is attempting to re-litigate under another number on the docket of the Haskell County Court the same matters disposed of by the judgment of this court in cause No. 1997. That by virtue of the facts herein stated, the filing of said suit No. 5523 in the District Court of Haskell County is an open and unwarranted collateral attack upon the judgment and decrees of this court by virtue of opinions in Ferguson v. Ferguson, 93 S.W.2d 513; Id., 98 S.W.2d 847; A. M. Ferguson v. Haskell Nat. Bank, 127 S.W.2d 242, and Elliott v. Ferguson, 127 S.W.2d 323.

We are of the opinion that the filing of said Cause No. 1206 in the County Court of Haskell County under the circumstances detailed, and the probate proceedings in said estate of Kate F. Morton, are in open and direct violation of said judgments of this court and that said respondents Joe Lee Ferguson, Joe A. Jones, A. C. Foster and Walter Murchison, individually and in their alleged capacities have violated the terms, meaning, spirit and effect of said judgments. The institution and prosecution of said proceeding 1206 is an attempt to re-litigate matters already disposed of by the judgment of this court under another and different probate number; that the institution of cause 5523 upon the docket of the District Court of Haskell County is but an effort on the part of said parties to again litigate in substance and principle the identical matters and issues disposed of in the case of Ferguson v. Haskell Nat. Bank, Tex.Civ.App., 127 S.W. 2d 242.

█ Further, the judgments of this court affirming the judgments of the trial courts approving the agreement for arbitration and award thereunder had the legal effect of closing the probate administration of the estate of Kate F. Morton, deceased, or to withdraw same from further administration in said court. Ferguson v. Ferguson, Tex.Civ.App., 93 S.W.2d 513; Ferguson v. Ferguson, Tex.Civ.App., 98 S. W.2d 847; Ferguson v. Ferguson, Tex.Civ. App., 110 S.W.2d 1016; Ferguson v. Ferguson, Tex.Civ.App., 127 S.W.2d 1018; Francis v. Hall, 13 Tex. 189.

The relator appears to have no adequate remedy at law. The relief prayed for will, therefore, be granted. It is so ordered.

GRISSOM, J., disqualified and not sitting.