## SMITH et al. v. COMMERCIAL STATE BANK OF RANGER.

### No. 2160.

Court of Civil Appeals of Texas. Eastland.

Nov. 14, 1941.

Rehearing Denied Dec. 12, 1941.

Fred O. Jaye, of De Leon, and Eric Eades, of Waco, for appellants.

L. R. Pearson, of Ranger, for appellee.

FUNDERBURK, Justice.

Frances Smith, as guardian of Harold Duncan, Mary Frances Duncan and James D. Duncan, minors, brought this suit against Mrs. Clista Duncan, former guardian of said minors, and against A. C. Humphrey and Fred O. Jaye, sureties upon the guardianship bond of Mrs. Clista Duncan, to recover damages for breach of an obligation of said bond to faithfully discharge her duties as guardian of the persons and estates of said minors. Commercial State Bank of Ranger was also joined as a defendant, and judgment against it sought upon the theory that it deposited checks payable to the guardian as such to her personal acount and thereby became liable for the conversion or misappropriation by the guardian of the funds belonging to said minors.

In a non-jury trial the court gave judgment for the plaintiff against the defendants Clista Duncan, Fred O. Jaye and A. C. Humphrey, awarding recovery against them in the sum of $529.01. As to the defendant Commercial State Bank, the judgment provided the Plaintiff take nothing and that it "go hence without day and recover its costs."

Relative to a cross-action by Fred O. Jaye and A. C. Humphrey against said Bank, the judgment provided that said cross-complainants take nothing, etc.

The plaintiff, Frances Smith, Guardian, and defendants Fred O. Jaye and A. C. Humphrey have appealed.

The appellants have briefed nine propositions under eight assignments of error; but in their brief they say: "By mutual understanding the attorneys representing all parties in this cause have determined that there is really only one proposition of law to be determined in this case. That is, whether the bank was charged with notice by recitation on the face of the checks that the funds on deposit were trust funds, and whether they had a right to receive said funds on deposit and place them in the name of the guardian to her individual account and honor checks against such funds which were the individual checks of said guardian, Mrs. Clista Duncan.

"In other words, was the defendant bank bound to take notice of the trust character of such funds or could it disregard such notice and treat the funds as Clista Duncan directed the bank to treat them?"

Appellee, in its brief, says: "The sole and only question in this case is whether a deposit bank which cashes a check made payable to the order of a guardian, and under instructions from the guardian, deposits the proceeds of the check to the individual account of the guardian, is liable, as a matter of law, by reason of the subsequent misappropriation of the money by the guardian. Expressed in another way, the sole question in this appeal is whether a bank which cashes a check made payable to the order of a guardian, and handles the funds as directed by the guardian and fully accounts for the funds, is liable, as a matter of law, because the guardian misapplies the money."

These statements agree that there is but one controlling question, but apparently they are not in agreement as to what that question is. The statements do agree in impliedly excluding as elements of the question to be decided (1) that the bank took any advantage to itself from the manner of handling the deposit, or (2) that it had any actual knowledge when honoring checks that the guardian was misappropriating or intending to misappropriate the money.

■ We agree with the appellants that the checks payable as they were to the order of the payee as guardian constituted notice to the Bank that the real ownership of the checks, and the proceeds thereof, belonged to the minors. We do not agree, however, that such fact alone is conclusive of any question of the Bank's liability for a misappropriation of the funds by the guardian.

In Quanah, A. & P. Ry. Co. v. Wichita State Bank & Trust Co., 127 Tex. 407, 93 S.W.2d 701, 705, 106 A.L.R. 821, the determinative question in that case was stated thus: "If a person negotiates to a bank a bill of exchange payable on its face to the person negotiating it in a trust capacity, and the purchasing bank, in the very transaction by which it acquires the instrument, passes its proceeds to the individual checking credit of the trustee on its books, and thereafter allows him to check out such proceeds on his individual checks, and as a result of such transactions the fund is lost to the true owner, is the bank liable for such loss to such true owner?" This admirably clear statement of the question in that case is an equally good statement of the controlling question in the instant case. The two cases are in principle alike in all

essential respects, including the excluded elements expressed in the Supreme Court's opinion as follows: "This question involves a case where the bank received no part of the funds, and had no actual knowledge that the funds were being checked to persons not entitled to receive them." Disregarding phraseology made necessary by the difference in immaterial facts of the two cases, the question held to be controlling in Quanah, A. & P. Ry. Co. v. Wichita State Bank, etc., Co., supra, is the same as stated in appellee's brief as above quoted; and is, we think, the real question presented for decision by this court.

The questions being the same, the answers must be the same, and in the language of the Supreme Court is as follows: "In our opinion, the above question should be answered in the negative. In this connection, we think the great weight of and better authority is to the effect that it is not deemed a breach of trust, or such a suspicious circumstance, as to put a duty on the bank to investigate for a trustee to carry trust credits in his personal bank account, and this even though such fact is known to the bank. In this connection, it is generally held that the bank is entitled to believe that the trustee will check the trust credit out of his personal account for proper trust purposes. The main reasons for this rule are that to require the bank to investigate such transactions would put a burden on the bank for which it is not paid by the trust, and would clog the handling of commercial paper in a way that would be to the disadvantage generally of trust business, and also to business in general."

In Ferguson v. Haskell Nat. Bank, 127 S. W.2d 242, we had occasion to consider the general rule of law as above declared in Quanah, A. & P. Ry. Co. v. Wichita, etc., supra, and the distinction, or exceptions, declared and applied in Wichita Royalty Co. v. City Nat. Bank, 127 Tex. 158, 89 S. W.2d 394, 93 S.W.2d 143, and, regarding the distinction, expressed our conclusion as follows: "The general principle of that distinction seems to be that a bank in honoring checks upon a trust fund drawn by the depositor trustee is not charged with knowledge of a purpose of the trustee to misappropriate the trust fund, even when paid upon checks in which the trustee personally is payee, and under such circumstances there is no liability for a misappropriation of the funds; but where (1) the bank receives some of the proceeds in dis-

charge of a personal debt of the trustee to it, or (2) has actual knowledge (not merely chargeable with knowledge) that the trustee is misappropriating the fund to his individual use, the bank may be liable." [127 S.W.2d 244.]

 It is our conclusion that the instant case is subject to the general rule and does not come within any exceptions thereto; or, in other words, is controlled by the decision in Quanah, A. & P. Ry. Co. v. Wichita, etc., Co., supra; that there was no error in the judgment as complained of, and that it should be affirmed. It is accordingly so ordered.