## HURT v. HORTON.

Where administration has been granted, and after the expiration of the period contemplated by law for the settlement of an estate, the administrator returns a final account and is discharged, the presumption is that the estate is fully administered; the property of the estate remains in the heirs unincumbered by the administrative trust, although liable for any subsisting claims remaining unpaid; and a second administration, under such circumstances, is *prima facie* (at least) void.

Where an administrator's sale is invalid, and the administrator has settled his final account and been discharged, the heir and not an administrator *de bonis non*, is the proper person to take advantage of the invalidity.

It is not necessary, in this case, to consider the exigencies under which an estate might be partially re-opened or administration granted for limited purposes, as for instance, for the recovery or control of property not discovered, or which had not fallen in until after the close of administration.

Nor is it necessary to consider the cases in which the acts of an administrator, though under a void grant, if done in the due course of administration, shall not be void. Such for instance, as the sale of property in payment of funeral expenses, debts, &c. There an administrator or executor being compelled to pay, the sale shall be indefeasible.

Error from San Augustine. The record shows that John Anderson and Mrs. Shaw were administrator and administratrix of the estate of T. J. Shaw; that Mrs. Shaw having died and Anderson having failed to make settlement, &c., was dismissed and that Alexander Horton was appointed administrator *de bonis non* of the estate of T. J. Shaw, deceased, at the September Term, 1846, of the San Augustine County Court; that Horton, to pay debts, procured an order and sold a certificate for one league and labor, headright of said T. J. Shaw, together with right of location, &c., thereunto attached, and that William M. Hurt bid off the same, and the administrator reported the same to the County Court, and said Court sanctioned the said report and ordered title to be made to the purchaser. At the May Term, 1848, of said Court, said Horton made a final settlement, and was discharged from said administration. At April Term, 1850, Alexander Horton applied

again for administration on the same estate, and it was granted to him; got an order and sold the same certificate, (it being by this time matured into a patent,) sold the same to Reuben D. Woods, and applied to the County Court for confirmation of the sale, August 26th, 1850. On the same day, William M. Hurt, the former purchaser, filed in the County Court, his statement of protest and objection to the confirmation of said last sale. At the August Term, these objections were considered and overruled, the last sale confirmed and administrator ordered to make title to Wood. From all which Hurt gave notice of appeal to the District Court, and filed his bond, &c. The transcript having been sent up, the appeal was tried October Term, 1852, when the District Court affirmed the judgment of the County Court, with costs.

*O. M. Roberts*, for plaintiff in error. The administration having been closed by final settlement, the second administration was void, and the pretended administrator could confer no title to Wood, the second purchaser.

This case is very different from the case of Davis v. Stewart, Ad'r, 4 Tex. R. 223, which case was not " affirmed," but dismissed by the District Court.

At the close of the previous administration, the power of the Probate Court ceased, but still its confirmation of the last sale is " affirmed" by the District Court, which is contrary to Fisk v. Norvel, 9 Tex. R. 13.

HEMPHILL, CH. J. The errors assigned are,

1st. In withdrawing the cause from the jury, without the consent of parties.

2nd. In trying the said cause, upon the record, without the hearing or consideration of any testimony outside of the record.

3rd. In affirming the judgment of the Court below.

4th. In rendering judgment against plaintiff in error for the costs.

There is no foundation for the ground of error first assigned. It was on the plaintiff's own motion that the cause was withdrawn from the jury; and the action of the Court, sustaining his motion, is, as to him, no just cause of complaint.

In relation to the second assignment, it does not appear that there was any attempt to introduce any evidence in support of the issues made by the parties; and there was consequently no error in deciding the cause upon the record alone.

The third assignment presents the main question in the cause, and that is, whether there was error in affirming the judgment of the Probate Court.

This judgment and the proceedings on which it is founded, are judicial anomalies, which, it is presumed, are of rare occurrence on the records of our Courts. The proceedings show a lawful administration, a sale by the administrator, under an order of the Court, of a located league and labor of land, the only property of the estate, the report and confirmation of said sale and title ordered to be executed. More than a year afterwards, there was a full, final and complete settlement of the estate, and the administrator and his sureties discharged. Fifteen or sixteen months subsequently, administration was regranted to the same administrator, the same land, now patented, was at his instance ordered to be sold, and three years after the first sale, the land was again sold to a stranger; the sale was reported, and in despite of the remonstrances of the plaintiff in error, who was the first purchaser, the sale was by the same Court ordered to be confirmed. This order, having been affirmed by the District Court, is brought up for revision; and its defects are too transparent, the want of authority in the Court and administrator too glaring, to permit the mind to hesitate in pronouncing it to be null and void. Long previous to the last administration and sale, the estate had been (as adjudged in effect by the Court) fully administered; and all the purposes of administration having been fully effected, the succession, in contemplation of law, was closed. And such portion of the estate as remained undisposed of, (though it appears

that in this case there was no residuum,) reverted, *ipso facto*, to the heirs, disencumbered of all the relations growing out of the trust of administration, and subject to rights as plenary in the hands of the heirs, as those under which it had been held by the original proprietor. (Fisk v. Norvell, 9 Tex. R. 13.)

Administrations under our laws are not intended to endure for the life of the grantees. In contemplation of law they must be brought to a close at some fixed or reasonable period; and when finally closed, and the estate fully administered, the property passes out of the control of the Probate Court, for administrative purposes. Their jurisdiction ceases, and the property is revested in fact or in law in the heirs. And consequently all grants of administration and acts of the administrators over such property, are nullities and can afford no protection, or confer no right.

There has been no appearance for the defendant in error, and we are consequently left without explanation of the objects of his proceedings, and without argument in defence of his acts. If there be error in the first sale of the land, and this is doubtingly asserted in the petition for the second grant of administration, it cannot be corrected by a course of procedure which subverts and holds for naught, as well the rights of third parties as the judgments of Courts of competent jurisdiction, which re-opens, generally, a succession, after it had been finally closed, and wrests the property from the heirs, after it had been fully restored to them. And, in fine, if it can be impeached, it must be by the heirs, who are the parties really in interest, and not by an administrator acting under an usurped authority.

It is not necessary, in this case, to consider the exigencies under which an estate might be partially re-opened, or administration granted for limited purposes, as for instance, for the recovery or control of property not discovered, or which had not fallen in until after the close of administration. No pretence of that or the like kind is set up in this case. In fact

no ground is urged for the second grant of administration, except the defendant's apprehensions that he may have committed some errors, and that he is willing to take the office again, that they may be corrected. His former acts are not treated any where in the record ; and I am not aware that they are pretended to be nullities.

Nor is it necessary to consider the cases in which the acts of an administrator, though under a void grant, if done in the due course of administration, shall not be void. Such for instance, as the sale of property in payment of funeral expenses, debts, &c. These, an administrator or executor being compellable to pay, the sale shall be indefeasible. (1 Williams on Ex'ors, 158, 402 ; Plowd. 282, 283 ; Coulter's case, 5 Co. 30.)

There is no analogy between such cases and the one before the Court.

We are of opinion that there is error in the judgment of the District Court, and it is ordered that the same be reversed, and that the judgment of the County Court, at its August Term, 1850, confirming the sale of the league and labor of land to Reuben D. Wood, be and the same is hereby reversed, and the sale itself and the order under which it was made, are hereby decreed to be set aside ; and it is further ordered that the defendant in error, out of his own property, pay all the costs in this behalf.

Reversed and re-formed.