Wardrup v. Jones.

RICHARD B. WARDRUP v. JULIA A. JONES.

When less than nine years elapsed from the time descent was cast upon an alien heir, a citizen of the United States, until annexation was consummated, the estate was saved to the heir by his becoming a citizen.

Administration having been granted upon an estate in 1838, the presumption would be, in 1852, that it was closed, unless the contrary were shown.

Administration having been opened on the estate of a decedent, in 1838, in the county of his residence and death, a grant of administration *de bonis non* upon his estate, in 1852, in a different county, which the petition showed to have been unnecessary, is illegal and void, for want of jurisdiction in the court; and a purchaser, under a sale by the administrator, acquires no title.

It was unnecessary, in 1852, to have administration on the estate of a party who died in 1838, merely to enforce a bond for title to land; this might have been done by suit in the District Court, against the heirs, whether known or unknown.

APPEAL from Anderson. Tried below before James M. Anderson, Esq., selected as special judge by the parties.

This was a suit by the appellee against the appellant, for 640 acres of land, located and patented, by virtue of a bounty warrant granted to Samuel Jones.

The plaintiff in her petition alleged, that she was the surviving widow and sole heir of said Samuel Jones, who died in Nacogdoches, where he then resided, in 1837; and, as such, that she was the owner of the said land. It was further averred in the petition, that an administrator of the estate of the said Samuel Jones was appointed by the Probate Court of Nacogdoches county, in the year 1838; who fully administered upon, and closed the same. That in the year 1852, one P. O. Lumpkin filed a petition in the County Court of Anderson county, stating, that the administration on said estate in Nacogdoches, had not been finally closed; but he, as the administrator of the estate of George W. Browning, held the title bond of the said Jones, for the one-third of said 640 acres of land, in consideration of the location, surveying, and procuring the patent for the same; and asking, that he might be appointed administrator *de*

32

*bonis non*, of the estate of the said Jones; that this petition was granted by the court, and letters of administration, as prayed for, were issued to the said Lumpkin, who subsequently obtained an order from the said County Court, that the said land should be partitioned between the estates of the said Browning and Jones; and that he, as the administrator of the latter, should make title to the heirs of Browning for the one-third of the said land, set apart to them. That afterwards, the said Lumpkin applied for and obtained an order from the said County Court, authorizing him to sell the remaining two-thirds of the said land, to pay the expenses of the said partition and the costs of administration; that the land was sold by the said Lumpkin, under the said order of sale, and the defendant became the purchaser, and had gone into possession shortly after the said sale, and claimed to own it by virtue thereof. It was also alleged, that at the time the said last administration was opened on the estate of the said Jones, there were no debts against it, and none due to it; and that the said administration was illegal, and all the proceedings had under the same were void; and it was asked, that they might be declared illegal and void, and that the plaintiff should have judgment for the land, &c.

The defendant in his answer alleged, (among other matters of defence, which it is unnecessary to set forth, for the proper understanding of the opinion of the court,) that the plaintiff was, at the time of the death of the said Jones, an alien, residing in the State of Tennessee, where she still resided, and had never been a citizen of the Republic or State of Texas. He also claimed title under the sale made by order of the County Court of Anderson county, by Lumpkin, as administrator.

The plaintiff proved the death of Jones, in Nacogdoches county, and that she was his widow and only heir, as alleged by her; that administration was granted by the Probate Court of Nacogdoches county, in 1838, to Cummings, as alleged; but it appeared from the copy of the record filed, that the petition, appointment, oath of office, and bond as administrator, were the only evidences of an administration, to be found in the said court.

Wardrup v. Jones.

And the administrator, Cummings, who was examined as a witness, testified that he had never been able to find any property belonging to the said estate, except a bond executed to the said Jones, by G. W. Browning, to locate and procure patents for his land, in consideration of one-third of the same; and, as far as he could ascertain, there were no debts due to, or from the said estate; and he had, consequently, taken no action under the said grant of administration. The plaintiff also offered in evidence the papers and proceedings had under the application for administration, by Lumpkin.

The defendant proved, that the plaintiff was residing in the State of Tennessee, at the time of the death of Jones, and had continued to do so ever since; he also introduced and relied upon the grant of administration by the County Court of Anderson county, the order and confirmation of sale, and title from Lumpkin, as administrator.

The court charged substantially, (on the questions discussed in the opinion,) that if Jones died, in 1837 or 1838, and administration was not granted to Lumpkin until 1852, the presumption would be, that all debts had been paid, and the estate fully administered; and unless it was proved, that there were debts existing at the time the administration was granted by the County Court of Anderson county, the said court had no jurisdiction of the subject-matter, and all the proceedings had in the said court were void; and the defendant acquired no title by his purchase.

The defendant then asked the court to charge, that he need not look behind the order of the said County Court of Anderson county, ordering Lumpkin, as administrator, to sell the said land; and further, that if the plaintiff was, at the time of the death of Samuel Jones, a citizen of the State of Tennessee, she was an alien; and if she had continued ever since that time to reside in that state, and that more than nine years had elapsed since the death of Jones, without her taking possession of the land sued for, she could not recover.

The court refused so to charge. There was a verdict and judgment for the plaintiff, from which the defendant appealed.

*John E. Cravens*, for the appellant.—Against the correctness of this verdict, it is insisted that, inasmuch as the appellee had never resided in the Republic or State of Texas, either before or after the death of her husband, she could not inherit as heir of her husband, being an alien.   It is believed, that this question has not been directly decided by this court.   An attempt to raise it was made in the case of Hornsby v. Bacon, 20 Texas Rep. 556, but the Chief Justice, in delivering the opinion of the court, says: "This point was made by the defendants in their pleading, that Moses Hornsby died in 1836, and, in effect, that the vendors of the plaintiff were aliens to the Republic of Texas; but upon the evidence, no such question arose in the cause; Hornsby died in August or September, 1835." The legislation in favor of those who fell with Ward and Fannin, shows that, in the opinion of the public authorities, that is, the legislative department of the government, when descent was cast upon aliens, they would be subject to the disabilities denounced by the constitution, without the exercise of the power given to grant to them by title direct from the government.   At least such seems to be the view of the court.   (Warnell v. Finch, 15 Id. 163; Hart. Dig., 38, § 10; Id. 555, 600.)   That the sale of the land by P. O. Lumpkin, as administrator of Jones's estate, conveyed the title to the defendant, is a proposition which, it is believed, cannot be successfully controverted.   It is relied upon for the purpose of defeating this sale, that the County Court of Anderson county did not have jurisdiction, and therefore the sale was void; because, first, that immediately after his (Jones's) death, letters of administration were granted by the County Court of Nacogdoches county, on the estate of the deceased, to one Uriah Cummins; that the estate was fully administered and closed, the said court having exclusive jurisdiction to open the succession on said deceased's estate.   It however appears, from the plaintiff's petition, that George W. Browning, deceased, had a bond for title to one-third of the land, under a contract with the deceased; that, after the appointment of Lumpkin, who administered on both estates, there were no other debts, except the cost of admin-

istration, and that of the division of the land between the estates of Browning and Jones, and that the land in controversy was sold to pay this cost. Neither the pleading of the plaintiff, nor the proof, show that Jones had a fixed residence in the county of Nacogdoches, nor any other fact that would give that court jurisdiction; hence, it is contended, that the grant of letters of administration to Cummins, was a nullity. George v. Watson, (19 Texas Rep. 354.) It may be true, that administration upon the estate of Samuel Jones, was granted in 1838, but it appears from the transcript, that the estate had not been administered; nothing having been done, after the qualification of Cummins as administrator. It is, therefore, believed, that administration was rightfully granted to Lumpkin.

The second objection taken, has, we think, been disposed of, and so fully discussed in numerous decisions of this court, that, but for the fact that the principle, upon which sales of this character have heretofore been sustained, was disregarded in this case, a reference to authorities would have been useless. In the case of Soye v. McCallister, 18 Texas Rep. 80, the objection was made, that there was no necessity for the sale of the land, there being no debts; and the court below was asked to "charge that, in the absence of such necessity, the County Court had no power to order the sale, and that the title was void." On appeal, this court held the following language: "The objections to the validity of the administrator's sale, and the title derived by the defendants under it, have been considered and answered in former decisions, to which it will suffice to refer, for their disposition. (Poor v. Boyce, 12 Id. 440; Howard v. Bennett, 13 Id. 309; Dancy v. Stricklinge, 15 Id. 557; Burdett v. Silsbee, Id. 604.)" In the case of Alexander v. Maverick, 18 Id. 179, it clearly appears, from the proceedings of the Probate Court, that there was little, if any, necessity for administration for the purpose of paying debts; yet the sale was sustained, and the principle fully sustained, that the purchaser was not bound to look behind the County Court's judgment, the jurisdiction being established. (See also, George v. Watson, 19 Id. 354, and authorities there cited.)

*E. H. Horrell*, for the appellee.

BELL, J.—It is contended, on the part of the appellant, that Mrs. Jones cannot be heard to assert her claim, as the heir of her deceased husband, because she was an alien at the time of his death, and has remained such ever since. This position is only noticed, for the purpose of stating that the testimony shows, that Samuel Jones died in the county of Nacogdoches, on the 5th day of July, 1837. The annexation of Texas to the Federal Union, was consummated on the 16th of February, 1846. Nine years had not elapsed, from the death of Samuel Jones until the consummation of annexation, and it is the established law, that if the alien heir became a citizen within nine years after the death of the ancestor, the estate was saved to such heir, and the provisions of the constitution and laws of the Republic of Texas, on the subject of the disabilities of aliens, had no further application to the claim of such heir to the estate of the ancestor. (Cryer v. Andrews, 11 Texas Rep. 170.)

We are of opinion, that the grant of letters of administration upon the estate of Samuel Jones, by the County Court of Anderson county, in the year 1852, was, under the circumstances of this case, without authority of law. It was shown, that administration had been granted upon his estate, in the county of Nacogdoches, where he last resided, and where he died. The grant of letters of administration in Nacogdoches county, was proper, that being the county of his last residence. (Burdett v. Silsbee's Administrator, 15 Id. 604.) The administration of the estate having been opened in Nacogdoches county, in the year 1838, the presumption of law would be, in 1852, that the estate had been fully administered, unless the contrary were shown to be the fact. But in this case, the court below was relieved from the necessity of indulging in any presumption; for the exhibit of the administrator in Anderson county, showed that there were no claims against the estate, except the claim of the estate of Browning, for one-third of the land in that county, and that there were no debts due to the estate. It was

not necessary to have administration upon the estate of Jones, in order to enforce the claim of Browning's estate to the one-third of the 640 acres of land; that claim could properly be enforced by a suit in the District Court, against the heirs of Jones, whether they were known or unknown. This court has so frequently decided, that after a great lapse of time, it will be presumed either that no debts ever existed against an estate, or that they have been paid, that we deem it unnecessary to refer particularly to the cases in which this doctrine is asserted. In this case, fifteen years elapsed from the death of Samuel Jones, before the grant of administration, upon his estate in Anderson county. We conclude that the grant of administration, after so long a time, and where no necessity is shown to have existed for administration, was a nullity, and that the sale of the land, by the administrator, in Anderson county, conveyed no title to the purchaser.

The appellee does not complain of the charge of the court in any respect, nor of the decree allowing the appellant to be compensated for his improvements. We do not think that the court below erred in the charge given, nor in refusing the charge asked. The evidence sustains the verdict, the judgment is in proper form, and will be affirmed.

Judgment affirmed.