## ELLIOTT v. FERGUSON.

### No. 1965.

Court of Civil Appeals of Texas. Eastland.

Feb. 10, 1939.

Rehearing Denied April 14, 1939.

J. S. Kendall, of Munday, for appellant.

LESLIE, Chief Justice.

A. M. Ferguson, in the capacity of "temporary administrator of the estate of Kate F. Morton, deceased," made application for the appointment of receiver as ancillary to a suit he, as such administrator, had instituted against C. R. Elliott upon certain vendor's lien notes, etc., and for foreclosure of a lien upon a tract of land in Haskell County. Defendant answered by general demurrer, special exception, general denial, and specially pled that said estate owned no interest in this subject matter of the suit and was therefore not entitled to a receiver. A trial or hearing on the application below resulted in the appointment by the court of a receiver to take possession of the land, etc. Elliott appeals.

A. M. Ferguson testified that he exercised his option "as temporary administrator" of said estate to declare the whole indebtedness (evidenced by the notes) to be due, that he did not declare them due "individually" because the notes were "part of the residuary of the estate" of Kate F. Morton, deceased.

It is undisputed that the notes were originally a part of the assets of said estate. A duly selected Board of Arbitration (based upon an agreement by and between Joe Lee Ferguson and A. M. Ferguson, individually and in various capacities, and in response to such authority) considered the various and multitudinous claims and counter claims of the Fergusons to the assets of said estate and made definite awards to each of them of the specific properties of the estate. Among the properties awarded to A. M. Ferguson individually were the notes involved in this suit and application for receiver.

The terms and conditions of said award became final and conclusive of the rights of Joe Lee Ferguson and A. M. Ferguson, individually, as temporary administrator of the estate of Kate F. Morton, deceased, and in any and all other capacities assumed by him, as is clearly reflected by the judgment of the court entered in accordance with this court's opinion in Ferguson v. Ferguson, 93 S.W.2d 513, 514. The first sentence of that opinion states: "This is a suit brought by A. M. Ferguson, individually and as temporary administrator of the estate of Kate F. Morton, deceased, against Joe Lee Ferguson to set aside the award of a Board of Arbitration."

From an adverse judgment below in that case, A. M. Ferguson in his various capacities appealed. After a careful consideration of the record before us, that judgment was affirmed March 6, 1936. That was Cause No. 1449 on the docket of this court. 93 S.W.2d 513. In accordance with that opinion, the judgment of this court established the award of the arbitrators as final, and the judgment of this court became final upon dismissal of the application for writ of error.

Thereafter, there came to this court a cause styled Joe Lee Ferguson v. A. M. Ferguson et al. This was an "original proceeding by Joe Lee Ferguson, termed by relator an application for a writ of prohibition to restrain A. M. Ferguson and another (his attorney) from prosecuting a suit in the district court because of interference with the jurisdiction of the Court of Civil Appeals." From various and different angles long litigated questions between these parties were again either raised or revived. After a very thorough consideration of the merits of that appeal, this court rendered the opinion in Ferguson v. Ferguson, 98 S.W.2d 847, 849, and pursuant to that opinion entered a judgment to the tenor following: "This day [October 23, 1936] came on to be considered relator's petition for writ of prohibition in the above styled and numbered cause, and the same having been duly considered by the court and being construed to include injunction, is hereby granted as an application for writ of injunction. It is therefore ordered, adjudged and decreed that the clerk of this court do issue a writ of injunction commanding respondents, A. M. Ferguson and his attorney, M. J. Baird, to desist from further prosecution of said Cause No. 4668 on the docket of the District Court of Haskell County, Texas, and commanding the said A. M. Ferguson to desist from instituting and further maintaining in any capacity in any court any suit the purpose of which is to attack the validity of the judgment heretofore rendered in this court in Cause No. 1449, styled A. M. Ferguson, Administrator, vs.

Joe Lee Ferguson, and to desist from, in any way, interfering with the due execution of such judgment. It is further ordered that all costs incurred by reason of this action be and the same are hereby taxed against respondents, A. M. Ferguson and M. J. Baird, for which let execution issue."

The language on the point at issue was as plain as this court could find for the expression of its conclusion, and the above judgment, we think, clearly reflects that A. M. Ferguson, "as temporary administrator of the Estate of Kate F. Morton, deceased," was and is enjoined from instituting and prosecuting any such proceeding as this application for receivership. Such was the situation when it was initiated below and hearing had thereon.

For the reason that the proceeding is in violation of said injunction and further because the "estate of Kate F. Morton, deceased," shows no interest in the subject matter of the suit (in view of the finality of the award), the judgment of the trial court is reversed and the cause is dismissed. It is so ordered.

GRISSOM, J., disqualified and not sitting.