## FARMERS & MERCHANTS STATE BANK OF HASKELL v. FERGUSON et al.

### No. 2158.

Court of Civil Appeals of Texas. Eastland.

March 7, 1941.

Rehearing Denied April 11, 1941.

Turner, Seaberry & Springer, of Eastland, for relator.

Walter Murchison, of Haskell, and J. S. Kendall, of Munday, for respondents.

LESLIE, Chief Justice.

This is an original proceeding in this court, by which the Farmers & Merchants State Bank of Haskell, relator, seeks to have this court issue a writ of injunction commanding Joe Lee Ferguson, his attorneys, agents, servants, and all persons claiming by or through him, the county clerk of Haskell County, the administrator de bonis non of the estate of Kate F. Morton, deceased, the district clerk and sheriff of Haskell County, their respective deputies and successors in office, to desist and refrain from prosecuting or filing or having filed any suit, motion, action or other proceeding in the County Court of Haskell County, Texas, or in the District Court of Haskell County, Texas, or in any other court in the State of Texas, and from issuing, or causing to be issued, or serving or causing to be served, any citation, notice or other legal process of any kind or character, when such suit, motion, action, or other proceeding has for its purpose, or seeks to question, modify, set aside or alter the former judgment of this court entered in the cause of Ferguson v. Ferguson, 93 S.W.2d 513, or Ferguson v. Ferguson, 127 S.W.2d 1018, or in any other cause. The proceeding also seeks an injunction enjoining said respondents and each of them, their attorneys, employees, deputies and successors in office from taking any further action in probate cause No. 1206 in Haskell County, Texas, or in cause No. 5527 in the District Court of Haskell County, Texas, other than to dismiss same and strike each from the docket; also enjoining respondent Joe A. Jones, individually, and as purported administrator de bonis non of the estate of Kate F. Morton, deceased, from taking any further action as such administrator in cause No. 1206, or in any other cause in said court, or in any other court, with reference to the estate of Kate F. Morton, deceased, and to enjoin said Joe A. Jones from doing or attempting to perform any further acts as such administrator de bonis non.

Further, the proceeding seeks a writ of prohibition from this court commanding that the County Court of Haskell County, Texas, the regular judge thereof, and/or any other special judge thereof, including A. C. Foster, as such court and/or officials to desist and refrain from taking any action or entering any proceedings in said cause No. 1206 on the docket of the County Court of Haskell County, Texas, other-

than to dismiss or strike the same from the docket, or in any other such suit, action or proceeding having for its purpose to attack, challenge, question, modify, change or alter the judgment or judgments of this court in said causes or proceedings.

It is also sought to have said writ of prohibition extended and made to command that the District Court of Haskell County, Texas, the regular judge thereof and/or any special judge thereof, to desist and refrain from taking any action or entertaining any proceeding in cause No. 5527 on the docket of the District Court of Haskell County, Texas, other than to dismiss or strike the same from the docket.

The instant proceeding is provoked primarily by Joe Lee Ferguson whose activities necessarily involve each of the numerous other respondents, whose acts and conduct fall within the scope of the relief sought, although they are doubtless innocent of any desire or intention to disobey the mandates of this court. They must, therefore, be considered, as necessary parties in order that complete relief, if any, may be granted.

The factual background of the instant litigation is, in substance, as follows: In Ferguson v. Ferguson, 93 S.W.2d 513, 518 (cause No. 4380 trial court and No. 1449, this court), this court affirmed the judgment of the trial court which refused to set aside, but held valid, the award of a Board of Arbitration theretofore agreed upon by A. M. Ferguson and Joe Lee Ferguson. That award, its confirmation and the finality of said judgments, vested title in Joe Lee Ferguson to a specific 2382⅝ acres of land, later acquired by relator (Farmers & Merchants State Bank of Haskell) by virtue of two sheriff's deeds, a judgment of the Federal Court and a judgment in trespass to try title in the District Court of Haskell County.

The agreement to arbitrate provided in part as follows: "That whereas, in the matter of the Estate of Kate F. Morton, deceased, and in the administration thereof, there have arisen many claims or controversies between the parties herein, individually as heirs, as devisees, and as temporary administrators, and in order to more speedily and economically adjust all differences between said parties so that there may be less delay, expense, and loss to each, in litigation between them, and between each of them, and the Estate con-

cerning such controversies, as well as concerning any personal differences between them that have been in prolonged and expensive litigation or are still in litigation, or that might be subject to claims or litigation, growing out of the Estate and the administration thereof, and all other controversies and claims between them, it is agreed and concluded by said parties hereto, as follows:". The award which followed provided, among other things, "Any claim of A. M. Ferguson that is not herein specifically set out, covered and passed upon is hereby in all things disallowed by the Board of Arbitration, and likewise any claim of Joe Lee Ferguson that is not herein specifically set out, covered and passed upon is hereby in all things disallowed by the Board of Arbitration."

In cause No. 1725 (Tex.Civ.App.) opinion 98 S.W.2d 847, 849, Joe Lee Ferguson filed an original application in this court for writ of prohibition against A. M. Ferguson to prevent the prosecution of cause No. 4668 in the District Court of Haskell County on the ground that said last cause "constitutes an interference with the jurisdiction of this court in cause No. 1449." In response to said application and in granting the relief there prayed for, this court said: "It is, therefore, our conclusion that a writ of injunction should be issued commanding the respondents to desist from further prosecution of said cause No. 4668 on the docket of the district court of Haskell county, Tex., and commanding the said A. M. Ferguson to desist from instituting and further maintaining in any capacity in any court any suit, the purpose of which is to attack the validity of the judgment heretofore rendered in this court in cause No. 1449, styled Ferguson v. Ferguson [93 S.W.2d 513], and to desist from, in any way, interfering with the due execution of such judgment, and it is accordingly so ordered and adjudged."

In Elliott v. Ferguson (No. 1965 Tex. Civ.App.) opinion reported in 127 S.W.2d 323, this court held that A. M. Ferguson, as temporary administrator of said estate, had no authority to sue upon certain notes and request a receivership, because said notes were awarded to A. M. Ferguson personally by the said arbitration, that the estate was not interested in the notes, and that the suit was in violation of the injunction issued by this court in cause No. 1725.

In cause No. 1997 (Tex.Civ.App.) also reported in 127 S.W.2d 1018, 1020, Joe Lee Ferguson filed an original application in this court for a writ of injunction against A. M. Ferguson and a writ of prohibition against the County Judge of Haskell County and J. F. Lindsey, special judge of the County Court of that county, to prevent further proceedings in probate cause No. 609, estate of Kate F. Morton, deceased. In that cause A. M. Ferguson asserted that the award of the arbitrators was void, and that the probate court of Haskell County had sole jurisdiction to administer said estate. This contention was carefully considered and expressly overruled. The award was also upheld on the principle of res adjudicata.

In granting the relief then sought by Joe Lee Ferguson, respondent herein, the court said:

"Said A. M. Ferguson will not consent, or fails to understand or appreciate the finality and conclusiveness of said award as established by the judgment of the district court of Haskell County and affirmed by this court. He resists the terms of said award and the effect of said judgments notwithstanding the provisions of that award under the solemn judgments of the courts is the legal yardstick by which to measure the personal rights of himself and his brother, Joe Lee Ferguson, in the Morton estate, if any remain. * * *

"For the reasons assigned, it is, therefore, the order of this court, that writs of prohibition and injunction issue as prayed, (1) the writ of injunction commanding that said A. M. Ferguson, his attorneys, agents, servants and all persons claiming by or through him to desist and refrain from prosecuting any suit, motion, action or other proceeding in the county court of Haskell County, or in any other court of the State of Texas, when such suit, motion, action or other proceeding has for its purpose or seeks to question, modify, set aside, or alter the former judgment of this court entered pursuant to our opinion in Ferguson v. Ferguson, 93 S.W.2d 513, or in any other case; and (2) said writ of prohibition commanding that the county court of Haskell County, Texas, the regular judge thereof, and/or any special judge thereof, including Hon. J. F. Lindsey, as such court and/or officials to desist and refrain from taking any action or entertaining any proceeding in cause No. 609 on the docket of the county court of Haskell County, Texas, other than to dismiss or strike same from the docket, or in any other such suit, action or proceeding having for its purpose to attack, challenge, question, modify, change or alter the judgment of this court as above designated, or any other judgment/thereof pertaining to the subject matter of this litigation."

Cause No. 2046 was an original proceeding in this court. The opinion rendered disposing of the same has not been published. This court held, however, that the judgments in causes 1725 and 1997 had long since become final, and that this court was without power to set aside or modify the judgments therein. In addition it was our conclusion that there was no merit in the attack on those judgments.

In cause No. 2101 (Tex.Civ.App.) relator herein filed an original proceeding in contempt against A. M. Ferguson and his attorney for violating the writs issued by this court in causes 1725 and 1997 and this court after due notice and hearing committed said respondents A. M. Ferguson and his attorney to jail as punishment for such contempt. The Supreme Court denied them a writ of habeas corpus and the jail sentences were served by respondents in that proceeding.

In the application for the relief herein sought, it is made to appear that in civil action No. 23 in the United States District Court, styled the United States of America v. Haskell Telephone Company et al., 42 F.Supp. 498, Judge James C. Wilson rendered a memorandum opinion May 30, 1939. In that case the Government was seeking to recover delinquent income taxes owing by the Kate F. Morton estate. All creditors of the estate were made parties defendants. Joe Lee Ferguson, respondent herein, was one of the defendants in that action. A. M. Ferguson contended that that court had no jurisdiction because the probate court of Haskell County had exclusive jurisdiction to administer upon the estate. In passing upon such contention Judge Wilson commented as follows:

"Of course, A. M. Ferguson makes the point all the way through that this court has no jurisdiction to adjudicate any of these claims, or as he puts it, to administer upon this estate; that such powers are exclusively with the Probate Court of Haskell County, and that that court is still

administering upon the estate. Theoretically that would appear to be correct, and ordinarily would be. The answers of all the claimants to that is, that an arbitration agreement was entered into by Joe Lee and A. M. Ferguson to settle and wind up the estate, and an arbitration was had and an award made by the arbitrators, which award was appealed from, was affirmed and became final, and is now foreclosed by valid and binding judgments of courts of competent jurisdiction; that it carried with it a distribution of all the assets of the estate, and had the effect of closing and ending the Probate administration in Haskell County. They are right about this. The judgments of such Texas courts so provide. Ferguson v. Ferguson, Tex.Civ.App., 93 S.W.2d 513, and many other decisions of the appellate courts, among them one rendered by the Court of Civil Appeals at Eastland, dated April 28, 1939, Ferguson v. Ferguson, 127 S.W.2d 1018 abundantly confirm this view. * * *

"There is no question in my mind but what that arbitration award which became final, had the effect to close the estate. That is, if the courts of Texas of last resort can adjudicate and finally settle anything. I think they do. It makes no difference if the Probate Judge of Haskell County has accepted, or is accepting claims, at this time, and is proposing to administer upon the estate. If such is being done, it is wholly without authority of law, and beyond any question true insofar as any proceedings there relate to this telephone stock."

In the light of the litigation hereinbefore referred to and the final adjudication of numerous issues arising out of this Ferguson litigation, Joe Lee Ferguson, respondent herein, filed on March 19, 1940, a motion in probate cause No. 609, seeking an order dismissing the same and striking it from the docket of the probate court of Haskell County. Special County Judge J. F. Lindsey entered such order on July 17, 1940. Such motion and order were in harmony with the judgment of this court in cause No. 1997 pursuant to our opinion in 127 S.W.2d 1018.

Thereafter, on August 12, 1940, said Joe Lee Ferguson filed in the County Court of Haskell County an application for the appointment of an administrator de bonis non of the Kate F. Morton estate. Obviously this is the same Kate F. Morton estate that has so long been the subject matter of continuous litigation beween the Ferguson brothers. Respondent Joe Lee Ferguson has been a party to all of said litigation. This new probate proceeding instituted by him is No. 1206, on the docket of said Haskell County Court, and it requires but a casual reading and consideration of the subject matter of this proceeding to demonstrate that it is in substance, and so far as it goes, part and parcel of said cause 609 which was dismissed at his request July 17, 1940. Being disqualified to enter any order in this last special probate proceeding initiated by Joe Lee Ferguson, the regular County Judge recused himself and the Governor thereafter appointed A. C. Foster, special judge, to act in said matter. Said special judge acting upon the application of said Joe Lee Ferguson attempted to appoint one Joe A. Jones administrator de bonis non of said estate. Following that act the special judge authorized (December 19, 1940) said administrator to file a suit in the district court against A. M. Ferguson, his surety, the National Surety Corporation, relator herein, and other individuals. Such suit was filed by Joe A. Jones, as administrator, on December 19, 1940, and is No. 5527, on the docket of the District Court of Haskell County. In substance, he alleges (in cause 5527) that said A. M. Ferguson was appointed administrator of said estate in March 1927 and that there came into his hands about $30,703.56, and "by reason of this A. M. Ferguson as such temporary administrator and the defendant National Surety Corporation, as his surety, became bound and liable to pay over to such persons as shall be entitled to receive the same said sums of money so collected by him the said A. M. Ferguson."

That thereafter the said A. M. Ferguson was by orders of a court of competent jurisdiction removed from his position as temporary administrator of the estate of Kate F. Morton, deceased, and was ordered to account for and pay over said sum of money so collected by him to such person or persons as should be entitled to receive the same. That said A. M. Ferguson wholly failed and refused to account for or pay over said sums of money, etc., and it is for this money that the administrator de bonis non sues A. M. Ferguson and his surety. In the petition in cause No. 5527 the plaintiff further alleges that on October 23, 1933, the estate owned

said *2352⅝* acres of land, and that thereafter by valid judgment title to said land became vested in Joe Lee Ferguson "as one of the beneficiaries and distributees of the estate of Kate F. Morton, deceased." That such resulted from the judgments of this and the trial courts referred to.

Obviously, by judicial process, and based upon final judgments in the Federal Court and State Courts, title to said land was divested out of Joe Lee Ferguson and vested in the relator, Farmers & Merchants State Bank of Haskell. Notwithstanding Joe Lee Ferguson has parted with his title to said land and the same became vested in the relator Bank, nevertheless Joe Lee Ferguson now, by this special probate proceeding, seeks to fix a lien upon the land in question to secure the payment of the thirty odd thousand dollars referred to. The nature of this litigation (suit No. 5527) and the plans and purposes of Joe Lee Ferguson in initiating the same is further disclosed by these facts:

Four days after the institution of the suit (December 19, 1940) Joe Lee Ferguson, on December 23, 1940, filed with the administrator de bonis non a claim against said estate, for three items, namely, 191 bales of cotton, valued at $11,560.11; 106½ bales of cotton valued at $6,390; and other claims aggregating $2,285.84, with interest, etc.

The administrator de bonis non apparently approved this claim December 22, 1940, a day prior to its signing and filing. So far as the pleadings before us disclose, this is the only claim on file in said cause. It is a rather singular coincidence that the aggregate of Joe Lee Ferguson's claim is about equal to the sum for which the administrator de bonis non is suing A. M. Ferguson et al. The existence of this claim seems to be the "alleged necessity" for the further administration sought for said estate.

Said 2352⅝ acres of land embrace ten separate tracts set out and specifically described in relator's pleading herein. As stated in the outset, these lands were under and by virtue of the award and the judgments finally approving or establishing the same awarded to Joe Lee Ferguson. In said cause No. 5527 it is further alleged by the administrator de bonis non "that the defendant Farmers & Merchants State Bank of Haskell, Texas (relator herein) is now claiming to own all the tracts of land and premises described in the paragraph just preceding (description of the land), said claim of title being deraigned from and under Joe Lee Ferguson as a beneficiary and distributee of the estate of Kate F. Morton, deceased. That at the time said title as claimed was acquired by said defendant Farmers & Merchants State Bank of Haskell, Texas, there existed against said estate of Kate F. Morton, deceased, claims and indebtedness in the sum of approximately $50,000, some of which have already been established and others which may yet be established legally against said estate of Kate F. Morton, deceased, and said property, which said claims are still outstanding and unsatisfied. That by reason thereof, the plaintiff is entitled to its *statutory lien* on all said lands and premises hereinbefore described and such lien is now a valid and subsisting lien on said lands to secure the payment of all said sums of money hereinbefore alleged. That this plaintiff sues herein for a foreclosure of its lien as against said lands and premises."

Such rights as were claimed by other relators are derived from or dependent upon those asserted by relator bank and details will not be stated.

Although said Joe Lee Ferguson at one time derived title to said land through said arbitration arrangement and the various judgments confirming the same, it now appears that he is definitely attempting to revive the old administration (609) dismissed at his instance and request.

He seeks to accomplish such purpose under the guise of a new probate proceeding No. 1206 on the docket of the probate court of Haskell County, Texas. Evidently he proceeds upon the theory that the judgment of this and the other courts establishing the validity of the arbitration proceedings are void. In substance, he now makes the same contentions which he formerly resisted when they were made in this and other courts by A. M. Ferguson. In other words, said Joe Lee Ferguson attempts to revive the old administration as to said items or claims amounting to some $30,000, have same established or approved and then foreclose an alleged lien on lands formerly owned by the estate of Kate F. Morton and later awarded to him in the proceedings mentioned. In that way he would recover through the administrator de bonis non an interest in the land, the

title to which has twice been divested out of him and vested in relator by final judgments of courts of competent jurisdiction. It is unnecessary to state again that said arbitration was legal and binding and that its necessary effect was to remove the property of the estate of Kate F. Morton from the further administration of the probate court, but such is the case, and both Joe Lee and A. M. Ferguson are bound by such final judgments. The same relief which Joe Lee Ferguson prayed for and obtained against A. M. Ferguson in causes 1725 and 1997, supra, is now granted relator as against said Joe Lee Ferguson and each of the other respondents whose names will appear in the judgment of this court. It is the order of this court that the permanent relief sought by relator in this proceeding be and the same is hereby granted. It is so ordered.

GRISSOM, M., disqualified and not sitting.