## NATIONAL SURETY CORPORATION v. JONES et al.

### No. 2159.

Court of Civil Appeals of Texas. Eastland.

March 7, 1941.

Rehearing Denied April 11, 1941.

L. K. Frickstad, of Dallas, and Lloyd E. Price, of Forth Worth, for relator.

Walter Murchison, of Haskell, and J. S. Kendall, of Munday, for respondents.

LESLIE, Chief Justice.

This is an original proceeding in this court. The National Surety Corporation makes application for writs of prohibition and injunction, temporary and permanent. A temporary writ was granted by this court January 7, 1941, and the question is whether the same shall now be made permanent. The facts involved in the instant proceeding have been stated somewhat in detail in our opinion in cause No. 2158, styled Farmers & Merchants State Bank of Haskell, Relator v. Joe Lee Ferguson et al., Respondents, 158 S.W.2d 107. These facts will be here in substance summarized in order to state the nature of this proceeding from the standpoint of the National Surety Corporation, as well as the particular relief sought by it.

The Surety Corporation prays for a writ of prohibition directed to the County Court of Haskell County, Texas, prohibiting and

restraining that court from exercising jurisdiction in any action or proceeding to further administer the estate of Kate F. Morton, deceased; or to attack, change or modify final judgments of this court pursuant to opinions heretofore rendered. The applicant prays to have such writ of prohibition directed to the District Court of Haskell County prohibiting the same from exercising jurisdiction in any action or proceeding having for its purpose any further administration upon the estate of Kate F. Morton, deceased; or to attack or modify said judgment of this court. In addition, the applicant prays for writs of injunction directed to Joe Lee Ferguson, Joe A. Jones, A. C. Foster, Walter Murchison, and the present District Judge of that County, restraining and enjoining them from taking any action or proceeding in the County or District Courts of Haskell County, Texas, or any other courts having for its purpose the alteration, change or modification of the final judgments of this court.

The similarity of the facts involved, as well as the relief sought in this proceeding, to those involved in said cause No. 2158, is readily apparent.

Kate F. Morton died in 1925 leaving a will under the terms of which Joe Lee Ferguson and A. M. Ferguson, brothers, were named residuary legatees. They were left substantially the whole of said estate. The will was offered for probate and there ensued through the years following a course of involved and entangled litigation initiated by one or the others of said brothers. This condition not only persists, but threatens to continue.

Soon after the death of Mrs. Morton, Joe Lee Ferguson was appointed temporary administrator. Several years after Joe Lee Ferguson was appointed such temporary administrator, A. M. Ferguson was appointed co-temporary administrator. When he was so appointed he executed a bond with the National Surety Company as surety. Thereafter the National Surety Company ceased to operate and the relator, National Surety Corporation, applicant herein, filed "a limited and restricted certificate of assumption" of the obligations formerly assumed by the Surety Company. That is how the present applicant gets on.

Later, Joe Lee Ferguson was ousted as co-temporary administrator. However, after that he continued to act as a de facto co-temporary administrator. Naturally, many controversies and much litigation between him and his brother followed and on September 17, 1932, they entered into a comprehensive written agreement to submit all their disputes to arbitration. The probate court of Haskell County gave its consent to this proceeding or submission. The agreement purported to cover every controversy between the parties in any capacity, then in litigation "or that might be subject to claims or litigation growing out of the estate and administration therof and all other controversies between them." Said board of arbitration labored and brought forth an award as between these parties which has been the constant subject of an attack for many years in this and other courts. The board of arbitration seeking to cover all the ground embraced in the Fergusons' agreement to arbitrate inserted in the award the following: "Any claim of A. M. Ferguson that is not herein specifically set out, covered and passed upon is hereby in all things disallowed by the board of arbitration, and likewise any claim of Joe Lee Ferguson that is not herein specifically set out, covered and passed upon, is hereby in all things disallowed by the board of arbitration."

Primarily the board of arbitration was given power to make a final partition of the estate and to vest title to specific property in each of the brothers subject, of course, to the debts, if any, of the estate. The report or award of the board duly appointed was the result of some eleven months work on its part. The award set aside specific property to each of the brothers and sought to put them in possession of the same. On September 5, 1933, the County Court of Haskell County by order duly entered undertook to make the award of the arbitrators the judgment of that court. From this order A. M. Ferguson appealed to the District Court where a new suit to set aside the award had been filed. The appealed and the new suit were consolidated and tried together. The final judgment of the District Court that followed declared the award of the Board to be the judgment of that court. An appeal was prosecuted to this court where the judgment of the trial court was affirmed March 6, 1936. Ferguson v. Ferguson, Tex. Civ.App., 93 S.W.2d 513, writ dismissed.

The judgment of this court was in substance the same as that of the trial court, and it was in effect a specific holding that

the agreement for arbitration and the award of the arbitrators were in all things approved and confirmed. The effect thereof was to vest in Joe Lee Ferguson and A. M. Ferguson specific properties of the Kate F. Morton estate subject to claims, if any, of bona fide creditors of that estate. The judgment of this court (affirmed that of the trial court) thereby and thereafter removed the necessity for any further administration upon the estate of Kate F. Morton, deceased. That, as has heretofore been decreed, terminated, closed and ended such administration.

On April 28, 1939, this court in cause No. 1997, styled Ferguson v. Ferguson, 127 S. W.2d 1018, in response to an original proceeding in this court, granted writs of prohibition and injunction prohibiting the County Court of Haskell County, the judge thereof, or any special judge thereof, from taking any action in that court, or in any other court than to give effect to the opinion of the Court of Civil Appeals, which, in effect, as stated, had theretofore closed any probate administration on said estate in the County Court.

Cognizant of the opinions of this court and judgments pursuant thereto, Joe Lee Ferguson (as appears from the present application) went into the County Court of Haskell County and filed (March 19, 1940) an application in which he asked that court to enter an order closing the probate administration of the estate of Kate F. Morton, deceased, in cause 609. At his instance and request such cause or probate proceeding 609 was dismissed. This was evidently done as a predicate for the action taken and sought by him thereafter, for he filed (August 12, 1940) an application in the county court of Haskell County under cause No. 1206 in which he represented to the court that there was a necessity for further administration on the Morton estate. On December 23, 1940, Joe Lee Ferguson filed with said Joe A. Jones, administrator de bonis non, an individual claim against said estate for principal and interest aggregating about $30,000 for his cotton, etc., alleged to have been taken and converted by A. M. Ferguson as temporary administrator and unaccounted for to any one. In response to the above actions on the part of Joe Lee Ferguson, A. C. Foster was appointed to act as such special county judge, and he appointed Joe A. Jones as administrator de bonis non who approved

Joe Lee Ferguson's claim on December 22, 1940.

Said Jones has by said special court been authorized to institute suit in the District Court of Haskell County for the purpose of getting possession of certain alleged properties of said Morton estate and enforce an alleged lien thereon so said Joe A. Jones, as such administrator, might proceed, under the direction of the county court, to further administer such properties of said estate. The administrator de donis non has filed cause 5527 on the docket of the District Court of Haskell County, and the substance of the same is in part that about $30,703.56 came into the hands of A. M. Ferguson, temporary administrator of said estate, at a time when relator was his surety, and that although said administrator de bonis non had demanded of said A. M. Ferguson, and his surety, the return of said funds, he and the relator, surety, had refused to do so, to the damage of said estate and that the amount thereof is secured by a statutory lien on certain lands formerly owned by said estate, later awarded to Joe Lee Ferguson, and then acquired by the relator Farmers & Merchants Bank in cause No. 2158. As we interpret this record, Joe Lee Ferguson, by seeking further administration on the estate of Kate F. Morton, and by inspiring the application of the administrator de bonis non to bring such suit (5527) is merely endeavoring to circumvent or void the effect, or the plain language and real meaning of the orders, writs and judgments of this court pertaining to such probate proceeding (609) and its present status.

■ From what has been said, and for the reasons set forth in the opinion this day handed down in cause 2158, Farmers & Merchants State Bank of Haskell, Relator v. Joe Lee Ferguson et al., Respondents, Tex.Civ.App., 158 S.W.2d 107, it follows that, in our opinion, the relief prayed for should be granted and the clerk of this court will issue appropriate process to enforce the same. The applicant has no adequate legal remedy by which to resist said threatening and unwarranted litigation.

■ Further, it is clear to this court that said agreement for arbitration and the award thereunder confirmed by the judgment of the District Court and affirmed by this court (writ dismissed) vested title

to specific property in each of the Fergusons, the residuary legatees, subject to claims, if any, of bona fide creditors, and that the judgments of said courts having become final, the legal effect thereof was to close the administration of the estate of Kate F. Morton, deceased. For authorities directly supporting these propositions see Art. 16, Sec. 13, Vernon's Ann.St. Constitution of Texas; Arts, 237 and 3314, R.S. 1925; Ferguson v. Ferguson, Tex.Civ.App., 93 S.W.2d 513; Ferguson v. Ferguson, Tex.Civ.App., 110 S.W.2d 1016; Ferguson v. Ferguson, Tex.Civ.App., 127 S.W.2d 1018. The legal obstacles to a further administration of said estate by Joe Lee Ferguson, or at his instigation, are as effective against him as they have heretofore been and are now against his brother, A. M. Ferguson.

In Westerfeld v. Stout, Tex.Civ.App., 129 S.W.2d 478, 479, the court, under proper state of facts construing Art. 3314, R.S. 1925, held as follows: "Under the statute and decisions the debt of an ancestor is a lien upon his estate, which the creditor may enforce through an action against the heirs to whom the estate has descended and been distributed. * * * Thornton's Oil & Gas, 3d Ed. § 297 et seq.; Blinn v. McDonald, 92 Tex. 604, 605, 46 S.W. 787, 48 S.W. 571, 50 S.W. 931; Lawley v. Richardson, 101 Okl. 40, 223 P. 156, 43 A. L.R. 803; Eager's Guardian v. Pollard, 194 Ky. 276, 239 S.W. 39, 43 A.L.R. 808."

This court recognized that principle of law in Ferguson v. Ferguson, 127 S.W.2d 1018, 1021, wherein it said: "When some bona fide creditor of the Morton estate, not a party to the arbitration, by proper proceedings, asserts his right to appropriate some part of the Morton estate in liquidation of a just claim, a different situation may arise." The same rule appears to have been applied by Judge James C. Wilson in the disposition of United States of America v. Haskell Telephone Co., Civil Action 23, D.C.N.D.Tex., 42 F.Supp. 498. That was another phase or angle of the litigation involving the Morton estate. See opinion this day handed down in Farmers & Merchants State Bank v. Ferguson, Tex.Civ.App., 158 S.W.2d 107.

That the County Court of Haskell County, under the facts stated, has no authority to order further administration on said estate, see, in addition to authorities above cited, Francis v. Hall, 13 Tex. 189; Fisk v. Norvel, 9 Tex. 13, 58 Am.Dec. 128; Chandler v. Hudson, 11 Tex. 32; Hurt v. Horton, 12 Tex. 285; Waldrup v. Jones, 23 Tex. 489; Withers v. Patterson, 27 Tex. 491, 86 Am.Dec. 643; Wallace v. Turner, Tex.Civ.App., 89 S.W. 432; Id., 99 Tex. 543, 92 S.W. 31. The Francis case, supra, seems to be specially in point, due to the similarity of facts in that and the instant case. It follows that the action of the County Court of Haskell County in appointing the administrator de bonis non was under the circumstances unwarranted in law and constitutes an attempt to alter, change or modify and evade the final judgment of the Court of Civil Appeals.

█ We will not discuss the authority of this court to issue writs for the purpose of protecting its jurisdiction. That it has original jurisdiction to issue writs of prohibition for the purposes of protecting its judgments and jurisdiction may be seen from the following authorities and many others unnecessary to cite: City of Houston v. City of Palestine, 114 Tex. 306, 267 S.W. 663; Browning, etc., Co. v. Thomson, Tex.Civ.App., 55 S.W.2d 168; Adams v. Mitchell, Tex.Civ.App., 86 S.W.2d 884; 32 Cyc. 609; High Extraordinary Legal Remedies, sec. 765; Driscoll v. Casstevens, Tex.Civ.App., 110 S.W. 2d 958.

█ It is elementary and equally certain that where rights are determined and established by judgment of the Court of Civil Appeals such court may, in order to protect its jurisdiction, issue such writs as may be necessary to effect that purpose and secure the enjoyment of the rights so established. For some of the many authorities on the proposition, see Houston Oil Co. v. Village Mills Co., 123 Tex. 253, 71 S.W.2d 1087; Conley v. Anderson, Tex. Sup., 164 S.W. 985; City of Palestine v. City of Houston, Tex.Civ.App., 262 S.W. 215; City of Houston v. City of Palestine, 114 Tex. 306, 267 S.W. 663; Nash v. McCallum, Tex.Civ.App., 74 S.W.2d 1046; Yount-Lee Oil Corp. v. Federal Crude Oil Co., Tex.Civ.App., 92 S.W.2d 493; Rio Bravo Oil Co. v. Herbert, 130 Tex. 1, 106 S.W.2d 242; Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94, 95.

For the reasons assigned, the relief prayed for is granted as per order and judgment of this court. It is so ordered.

GRISSOM, J., disqualified and not sitting.