**ELLIOTT et al. v. YOUNG, District Judge, et al.**

No. 15011.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 10, 1948.

Eades & Eades and Eric Eades, Jr., all of Dallas, for relators.

Seaberry & Hagman, of Weatherford, and Samuels, Brown, Herman & Scott and William M. Brown, all of Fort Worth, for respondents, C. E. Elliott and Vera Spencer.

McDONALD, Chief Justice.

In 1946 the four children of Mr. and Mrs. M. E. Elliott were the principal parties to a suit in the district court to partition certain land which had belonged to their parents. The two children who were plaintiffs alleged that the parents had died intestate. Judgment was rendered decreeing that the children each owned an undivided one-fourth interest in the land, and ordering the land sold and the proceeds divided among the four children. The judgment was affirmed by this court. Elliott v. Elliott, Tex. Civ.App., 208 S.W.2d 709, writ refused, no reversible error. After the judgment was rendered in the partition suit, two of the children offered for probate in the county court an instrument alleged to be Mrs. Elliott's last will and testament. On the petition of the other two children, the district court enjoined the proponents of the will from proceeding further with the effort to probate it. On appeal we reversed the judgment of the district court and dissolved the injunction. Elliott v. Elliott, Tex. Civ. App., 213 S.W.2d 459.

The two children who were defendants in the partition suit and in the suit for an injunction to prevent probate of the will, have filed an original action in this court, praying that we issue a writ of prohibition prohibiting and restraining the judge of the district court and the other parties to the

suit from proceeding with the receiver's sale of the property.

The children seeking the writ of prohibition, whom we shall designate as petitioners, say that by reason of our judgment dissolving the injunction they have been accorded the right to proceed with the effort to probate the will, but that such right will prove to be an empty one if the land in question is sold and the proceeds divided among the parties, whereas, they argue, if the will is probated the petitioners will take under the will a larger share of the land than they were adjudged to own in the partition judgment. They further say that, even though it should later be held that their rights under the will would take precedence over the rights adjudged in the partition judgment, they would be put to greater expense and trouble in establishing their rights if they had to dispute with third persons, that is, purchasers from the receiver or their successors in title.

 Article 1823 provides that a court of civil appeals may issue writs of mandamus and all other writs necessary to enforce its jurisdiction. To quote from an opinion which cites many of the leading cases:

"It is elementary and equally certain that where rights are determined and established by judgment of the Court of Civil Appeals such court may, in order to protect its jurisdiction, issue such writs as may be necessary to effect that purpose and secure the enjoyment of the rights so established." National Surety Corporation v. Jones, Tex. Civ. App., 158 S.W.2d 112, 115.

 In dissolving the injunction, we were careful to say that we would not undertake to decide whether or not the proponents of the will might in some later suit be cut off from claiming title under the will as against the decree entered in the partition suit, and we declared that such question would have to be decided, if ever, in some later suit. The only right which has been adjudged to the proponents of the will by the judgment of this court is the right to proceed with the effort to probate the will. It is not claimed that there is any interference with that right. The situation is not essentially different from what it would be if the petitioners were seeking by the writ of prohibition to prevent some other disposition of property of the estate before they can establish their title thereto by probate of the will. We have no jurisdiction to accomplish an equitable attachment or sequestration of the property of the estate for the purpose of keeping the property intact so that it can later be claimed by the proponents of the will. We have not heretofore rendered a judgment declaring that the proponents will own the land in question, as against the other parties to the partition suit if the will is probated (nor have we rendered a judgment declaring that they will not), nor do we have a case where it is necessary to issue a writ to preserve the status of property or the subject matter of a controversy pending an appeal. For a case of the latter kind see Leonard v. Small, Tex. Civ. App., 28 S.W.2d 826.

It is not within the authority of this court to grant petitioners the relief which they seek.

The petition for writ of prohibition is denied.