### GRAHAM NAT. BANK v. FROGGE.

#### No. 14209.

Court of Civil Appeals of Texas.
Fort Worth.

April 11, 1941.

Rehearing Denied May 9, 1941.

**430**

Marshall & King, of Graham, for appellant.

Harrell & Bowers, of Breckenridge, for appellee.

BROWN, Justice.

A. J. Frogge was, at all times mentioned in the pleadings in this suit, the duly appointed guardian of four minor boys, who were the nephews of his wife.

Frogge kept an account in the First National Bank of Breckenridge, Texas, in which the guardianship funds were deposited to the account of A. J. Frogge, Guardian.

Frogge moved to Graham, Texas, in the summer of 1937, and opened a personal account in the Graham National Bank, and the records show that on this account both A. J. Frogge and Mrs. A. J. Frogge were authorized to draw checks.

On November 8th, 1937, Mr. Frogge sustained a severe injury to his head and was unconscious and unable to transact any kind of business for several months.

On November 27th, 1937, the Independent Eastern Torpedo Company of Findlay, Ohio, issued a dividend check payable to the order of A. J. Frogge, Guardian, in the sum of $400, and drawn upon the First National Bank & Trust Company of Findlay, Ohio.

This check was mailed to Frogge and fell into the hands of his wife.

On December 6th, 1937, Mrs. Frogge went to the Graham National Bank and opened a checking account in her name: Mrs. A. M. Frogge, and she endorsed the said $400 check, by signing her husband's name thereon, adding the word, "Gdn.", and deposited the check to her said personal account.

On December 24th, 1937, a similar check in the sum of $200 was issued, obtained by Mrs. Frogge and handled in the same manner, on January 5th, 1938, and on March 15th, 1938, a similar check in the sum of $100 was issued, obtained by Mrs. Frogge and handled in the same manner, on March 19th, 1938.

Mrs. Frogge died in May, 1939, and Mr. Frogge, having recovered to such an extent that he could transact business, discovered the facts above detailed and brought this suit against the Graham National Bank to recover the proceeds of the above-described three checks, for his wards.

The cause was tried to the court without the assistance of a jury and resulted in a judgment for the plaintiff guardian.

The bank has appealed and presents three assignments of error.

The first contends that judgment should have been rendered for the bank because it was shown that the deposit was accepted without notice that the funds belonged to a trust estate and no profit flowed to the bank by the transaction, and the acceptance of the funds for deposit does not constitute a conversion by the bank.

The second contends that the trial court erred in not giving the bank credit for the sum of $313.35, because it was shown that such amount of the trust funds had been spent by the guardian, or under his direction, in keeping with the monthly allowance of $100, which was authorized by the Probate Court in the guardianship proceedings, for the support and maintenance of the wards.

The third contends that the trial court erred in refusing to hold that the money sued for was spent for the maintenance and support of the wards and that the guardian had ratified and confirmed the use of the funds and was estopped from recovering against the bank.

We see no merit in these contentions.

When appellant bank took these three checks for collection, it had notice: 1st, that the checks were payable to the order of A. J. Frogge, Guardian, and the proceeds of same constituted trust funds; 2nd, that the guardian did not endorse them, because he was physically incapable of doing so; and 3rd, that the person presenting the checks for collection was not the guardian and was not requesting that the proceeds be placed to the guardian's trust account, or even to the guardian's personal account, but that such person was requesting that the proceeds be credited to her personal account.

One of the significant facts in connection with the matter is that, while Mrs. A. J. Frogge had the authority to draw upon the account that was opened with appellant bank, on June 4th, 1937, and the signature card so shows, nevertheless, with such account then outstanding in the name of A. J. Frogge and Mrs. A. J. Frogge, on the very day she wrote "A. J. Frogge, Gdn.," on the back of the said $400 check, she opened a separate and different account in her name—Mrs. A. M. Frogge—and was credited with the amount of such check.

In view of the fact that Mrs. Frogge is dead, we regret that it becomes necessary to say that it is undisputed that Mrs. Frogge signed her husband's name to the checks without his knowledge or consent. Such act amounted to a forging of the guardian's signature to the three checks in question, and the collection of the proceeds therefrom by the person committing the forgery, and the placing of such proceeds in the personal account of such person.

We do not have before us a case where the trustee collected the trust funds and deposited them in his personal account, or mingled such funds with his personal funds, and we do not believe that such authorities as Vol. 4, Bogert on Trusts & Trustees, page 2632, § 908, apply to the facts before us.

The conclusions we have reached are not, in our opinion, in conflict with any of the following cases cited by the appellant: United States Fidelity & Guaranty Co. v. Adoue & Lobit, 104 Tex. 379, 137 S.W. 648, 138 S.W. 383, 37 L.R.A.,N.S., 409, Ann. Cas.1914B, 667; Wichita Royalty Co. et al. v. City Nat'l Bank, 127 Tex. 158, 89 S.W.2d 394, 93 S.W.2d 143; Quanah, A. & P. Ry. Co. v. Wichita State Bank & Trust Co., 127 Tex. 407, 93 S.W.2d 701, 106 A.L.R. 821.

We do not agree that it has been shown that these trust funds, wrongfully placed to the personal credit of Mrs. Frogge, were spent for the maintenance and support of the wards.

The record shows that the Probate Court allowed the guardian $50 per month for the support of the wards, and that after the guardian's severe injury, on December 17th, 1937, when the guardian was mentally and physically incapable of transacting business, some one procured the entry of an order by said court allowing the guardian $100 per month for such purposes, and that Mrs. Frogge drew such sum from the guardian's account in the Breckenridge Bank each month for such use.

The case of Fidelity & Deposit Co. v. Fort Worth Nat'l. Bank, Tex.Com.App., 65 S.W.2d 276, opinion by Mr. Justice Critz, supports our views.

The judgment is affirmed.